# Orr v. The State.

## Indictment for Murder.

1.  *Trial and its incidents*; *charges to the jury*; *construction of statute.* Under the provisions of the statute (Code of 1896, § 3328; Code of 1886, § 2756), where special charges requested in writing are "given," such charges must be taken by the jury with them on retirement, and the party requesting them has the right to have them before the jury during their deliberations; and while the court is not required to repeat charges already given, a charge requested by either party can not be properly "refused" on the ground that the same instruction has been given, when such instruction was given only in the general charge of the court to the jury, which was written at the request of one of the parties, in pursuance of section 3327 of the Code of 1896 (Code of 1886, § 2755).

2.  *Homicide*; *admissibility of evidence.*—On a trial under an indictment for murder, where the evidence tended to show that the defendant was working at the pistol some time before the fatal shot was fired, it was competent for the witness to testify that the unexploded cartridges in the pistol which was taken from the defendant looked as if they had been recently snapped; the defendant having had an opportunity of cross-examining such witness with reference to the facts.

3.  *Same; same.*—On a trial under an indictment for murder, where there was evidence for the defendant tending to show that at the time of firing the fatal shot the deceased had a rock in his hand, which he was about to throw at the defendant, it is not competent for the witness to testify whether or not, in his opinion, a rock the size of that which was about to be thrown by the deceased was calculated to produce death or great bodily harm, if thrown at the distance the deceased was shown to have been from the defendant.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOS. R. ROULHAC.

The appellant in this case, Nancy Orr, was indicted, tried and convicted for the murder of one Jim Fenn. On the trial of the case, the State introduced evidence tending to show that as the deceased was walking somewhere near the defendant's house, the defendant got in front of him and engaged him in conversation; that during the conversation, the defendant pointed a pistol

at the deceased, which she had in her hand, whereupon the deceased picked up a rock, telling the defendant that he "would knock her head off," whereupon the defendant fired at the deceased, the ball hitting him in the head, from the effects of which wound he died in about two hours. One of the witnesses for the State testified that while pointing the pistol at the deceased, the defendant seemed to be working at it with her hand, and that after working at it for a while, the pistol was discharged. Upon the introduction as a witness of the marshal of the city of Sheffield, who testified that he arrested the defendant and got the pistol, with which she killed the deceased, from her house, he further testified that there were three loaded cartridges in the pistol, all of which had been snapped, and there was one empty shell which had been shot. The State then asked the witness the following question: "If all the cartridges did not, at the time he arrested the defendant, look like they were recently snapped, and as if they were not snapped at the same time?" The defendant objected to this question, as calling for illegal and irrelevant testimony, and duly excepted to the court's overruling her objection.

The evidence for the defendant tended to show that upon the defendant making a request of the deceased, he cursed her, and picked up a rock and threw at her; that the defendant then went into the house, and as she came out, the deceased threw at her a second time, whereupon the defendant said to him: "Don't hit me with that rock, if you do I will kill you." Thereupon the deceased picked up another rock, and as he drew it back to throw at the defendant, she fired the fatal shot. The evidence showed that the deceased was a strong, vigorous man about six feet, six inches tall, and weighed about 180 pounds. There was testimony tending to show that at the time the deceased was shot he was about 20 or 22 yards from the defendant. There was introduced in evidence rocks which were identified as the rocks which were thrown by the deceased at the defendant, and one of them as the rock which the deceased had in his hand at the time he was shot.

Upon the cross-examination of one of the witnesses for the State, the defendant asked him the following question: "In your opinion, could a man of the physi-

[Orr v. The State.]

cal strength of Jim Fenn, with the rocks here presented, have inflicted death or great bodily harm at the distance of 20 or 22 yards?'' The solicitor objected to this question, the court sustained the objection, and to this ruling the defendant duly excepted.

The opinion on the present appeal renders it unnecessary to set out in detail the other facts of the case pertaining to the rulings of the trial court.

JAMES JACKSON and L. C. CURRY, for appellant.—1. The trial court erred in its rulings upon the evidence. *Gassenheimer v. State*, 52 Ala. 313 ; *Bennett v. State*, 52 Ala. 370 ; *McAdory v. State*, 59 Ala. 92.

2. The court erred in its refusal to give the charges requested by the defendant. The mere fact that the substance of the requested charges had been given in the general charge of the court, was no reason why they should not be given as asked. A party on trial for life or liberty is certainly entitled, as a matter of right, to have the court to fully give and explain to the jury, the law governing his case.—*Smith v. State*, 92 Ala. 30.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was tried and convicted of the offense of murder. During the trial, several exceptions were reserved to the rulings of the court, both as to the admission of evidence, and instructions to the jury. At the request of the defendant, the judge charged the jury in writing as provided in section 3327 of the Code of 1896. This written charge by the judge is very lengthy, covering almost every phase of the law of homicide and as applicable to the facts. It may be that we cannot give our unqualified approval of every proposition contained in the charge ; but under the view we take of the principle of practice applicable, the case must be reversed, without reference to the correctness of those portions to which exceptions were reserved. It is well settled, that the court is not required to repeat charges already given. (See the cases cited under section 3328 of the Code of 1896.) Many of the charges refused some of which at least asserted correct propositions of law, were indorsed ''Refused because already given.'' The question presented is, whether the rule,

that the court is not required to repeat charges already given, can be applied, when such charges if given were contained only in the written charges given in pursuance of the statute, as distinguished from written charges specially requested by the appellant. Section 3328 *supra* is as follows :  ''Charges moved for by either party must be in writing and must be given or refused in the terms in which they are written ; and it is the duty of the judge to write 'given' or 'refused' on the documents and sign his name thereto, which thereby become a part of the record, and charges which are given must be taken by the jury with them on retirement, and those refused must be retained by the clerk.'' The provisions of this statute, are not in terms made applicable to the written charge which may be required of the judge under the preceding section 3327 *supra*.  The judge is not required to write ''Given'' and sign his name thereto, nor does the .statute· provide that this charge must be taken by the jury on retirement, nor is it expressly made a part of the record.  In the case of *L. & N. R. R. Co. v. Hall*, 91 Ala. 112, 122, it is strongly intimated that the court, in writing, may qualify or explain his written charge, and that it is incumbent on the party objecting to any part of the written charge given by the court, to state the ground of his objection, so as to give the judge the opportunity to correct the same.  We have been thus particular to note the different rules which apply to the charge of the court given in pursuance of section 3327 and those specially requested in writing by either party under section 3328 of the Code.  We do not decide the question as to whether the jury must take with them on their retirement the written charge given by the judge, as that question is not before us, and it does not appear whether said charge was taken out by the jury.  What we do decide is, that special charges requested in writing and ''Given'' must be taken out by the jury, and the party has the right to have such charges before the jury for their examination and consideration, while charges marked ''Refused'' do not go before the jury. It would have been a difficult matter for the defendant to have framed a charge under section 3328 *supra*, and which the jury should have taken out in their retirement, not covered by the written charge.  It is much the safer rule, and more in accord with the spirit of our statutes,

[Cross v. The State.]

to hold that a charge cannot be properly "refused" on the ground that the same charge has been given, when it was given only in the general written charge of the court under section 3327 *supra*. The record leaves no doubt that the trial judge in refusing charges on the ground that such charges had already been given, had in his mind his general written charge. Take charge No. 6 requested .by the defendant and refused for the reason stated. It is as follows: "If upon the whole evidence, the guilt of the defendant is not established beyond a reasonable doubt, the jury must acquit." We might refer to others, equally clear and refused upon the ground that the charge had been given, and yet the charge is not to be found except in the general written charge of the judge.

It was competent for the witness to state, that the cartridges in the pistol not exploded, *looked* as if they had been recently snapped. He might have been cross-examined as to the facts.

It was not competent for the witness to testify that in his opinion a rock the size of that thrown by deceased was calculated to produce death or great bodily harm, at the distance from which it was thrown. This character of evidence is not expert evidence, and the witness was not an expert, and was no more competent to form a conclusion than the members of the jury. The admission of such testimony would have amounted to a mere substitution of his conclusion for the conclusion of the jury.

There is no merit in the exceptions reserved upon questions of evidence.

Reversed and remanded.