(January 5, 1914.)

## STATE, Respondent, v. JOSEPH GRIGG, Appellant.

[137 Pac. 371.]

MURDER—ASSAULT WITH INTENT TO COMMIT—ERRORS OF LAW—EVIDENCE—ADMISSION OF—NEW TRIAL—INSTRUCTIONS.

1. *Held,* that the trial court did not err in questions of law arising on the trial of this case.

2. *Held,* that the court did not err in rejecting certain evidence offered in rebuttal.

3. *Held,* that the court did not err in denying appellant's motion for a new trial.

4. *Held,* that the court did not err in giving certain instructions or in the refusal to give certain other instructions requested by the defendant.

5. Under the provisions of sec. 7902, Rev. Codes, the jury may take with them to the jury-room the written instructions given by the court, but they are not obliged to do so.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Conviction of the crime of assault with intent to commit murder. Sentence of not less than three years and not more than fourteen years in the state penitentiary at hard labor imposed. Judgment *affirmed.*

Davis & Asher, for Appellant.

Where plaintiff in rebuttal introduces evidence in contradiction of the witnesses of defendant which defendant could not reasonably have anticipated, which evidence is offered for no other purpose than to impeach their credibility, the defendant is entitled after plaintiff has rested to support their credibility by additional evidence. (*Wade v. Thayer,* 40 Cal. 578, 585; 1 Thompson on Trials, sec. 544.)

The court erred in denying appellant's motion for a new trial. The affidavits show clearly that the evidence of material witnesses could not have been obtained by the defendant

at the trial with the exercise of reasonable diligence on his part. (*State v. Stowe,* 3 Wash. 206, 28 Pac. 337, 14 L. R. A. 609; 1 Spelling, App. Prac., p. 206 et seq.; *State v. Townsend,* 7 Wash. 462, 35 Pac. 367.)

J. H. Peterson, Attorney General, and Wm. J. Costello, for Respondent, cite no authorities on points decided.

SULLIVAN, J.—The appellant was convicted of the crime of assault with intent to commit murder on one Clarence Franklin, and sentenced to imprisonment at hard labor in the penitentiary for not less than three years nor more than fourteen years. A motion for a new trial was denied, and the appeal is from the judgment and said order.

(1) The first error assigned is that the judgment of conviction is against the law. There is no merit in that contention, as it does not appear from the record that the judgment is against law or that the court made any reversible error in questions of law arising during the trial.

(2) The refusal of the court to allow appellant to give testimony in rebuttal of the testimony of one of the state's witnesses is assigned as error. This assignment arises over the question of the knife with which the cutting was done. The defendant admitted that he cut said Franklin and claimed that he did it in self-defense, and whether or not he did it with a particular knife which was not admitted in evidence was immaterial. The defendant claimed that he had lost the knife with which he did the cutting shortly after the cutting was done. There is no merit in this assignment.

(3) The next error assigned is that the court erred in denying appellant's motion for a new trial. A number of affidavits on the motion for a new trial were filed, setting forth what counsel claims to be newly discovered evidence. Some of those affidavits are in regard to whether defendant started the quarrel in which the cutting was done. On an examination of all of those affidavits, we are fully satisfied that the court did not err in denying a new trial because of anything contained in said affidavits. It appears that if any of said

testimony was material, no effort was made by the defendant to procure such evidence on the trial. The most of such evidence is merely cumulative and impeaching and much of it not material.

(4) The giving and refusal to give certain instructions is assigned as error. We have examined said instructions given by the court and find that they correctly state the law applied to the facts of this case and that there was no error in refusal to give the instructions refused by the court.

It appears that after this appeal was taken counsel for defendant discovered that on the last instruction given by the court, No. 22, the judge through some inadvertence wrote at the bottom thereof "guilty" instead of "given," and signed his name. That instruction is as follows: "In this case, in order to reach a verdict of guilty or not guilty, all of your number must agree thereon, and if you so agree, the verdict must be signed by the foreman selected by you," which instruction is in typewriting, and at the bottom thereof in the handwriting of the judge is the following: "Guilty," instead of "given" as was clearly intended. The word "guilty" being written there certainly could not have misled anyone, and it does not appear that the jury ever saw said instruction, or that any prejudicial error resulted therefrom, or that the jury ever knew that the judge had made a mistake in writing the word "guilty" instead of "given." Under the provisions of sec. 7902, Rev. Codes, the jury "may" take with them to the jury-room the written instructions given, but there is nothing in the record to show that said instructions were taken by the jury when they retired to deliberate on their verdict.

That statute is a permissive and not a mandatory one, and it does not require the jury to take the instructions of the court to the jury-room, but permits them to do so. Had it been a mandatory statute, and commanded them to take the instructions to the jury-room, then the presumption would be that they did take them, but as the statute leaves it optional with the jury, it will not be presumed that they did take the instructions with them, unless the record shows that they did

do so. Had the jury taken the instructions to their room, it would have been an easy matter to have shown that fact by affidavit or otherwise, and it would be very technical to reverse this case on the presumption that the jury did take said instructions to their consultation-room under that permissive statute. That contention is without merit. The judgment of the district court, therefore, must be *affirmed,* and it is so ordered.

Stewart, J., concurs.

AILSHIE, C. J., Dissenting.—I am unable to understand the reasoning of the majority in holding that there was no error in the giving of instruction No. 22 in the condition in which we find it. The majority hold, and I think correctly, that under the statute of this state, the jury in a criminal case may take to the jury-room with them the written instructions given by the court. If that is the law, and I agree that it is, why should this court *presume* that the jury *did not* have the written instructions. The record fails to show whether they did or did not have them, and indeed a record would not show one way or the other, unless something special or out of the usual had occurred to cause the reporter to make a record of such action. In other words, the reporter would have no occasion to enter in his notes that the jury either did or did not take the instructions to the jury-room. This court has uniformly held, where the statute authorizes or directs the doing of a thing in the trial of a case in the lower court, that in the absence of a showing to the contrary, the presumption will be indulged in this court that the law was complied with and the thing was done. Under that rule, there ought to be no question in this court but that the instructions in the case at bar were taken to the jury-room by the jury. The typewritten part of the instruction No. 22 was in no way objectionable. It reads as follows:

"INSTRUCTION NO. 22.

"In this case in order to reach a verdict of guilty or not guilty all of your number must agree thereon, and if you so

agree the verdict must be signed by the foreman selected by
you.

"Guilty—JOHN M. FLYNN,<br>"Judge."

At the end of this sentence the word "Guilty" is written
in the handwriting of the trial judge and immediately under
the word "Guilty" he has his name signed as follows, "John
M. Flynn, Judge." No question arises here as to what the
trial court intended. That is immaterial. I should venture
the guess myself, *if guessing on the subject,* that the trial
judge made a mistake and intended to write the word
"Given," but we are not here dealing with the secret inten-
tions of anyone. We are dealing with what actually occurred.
There attached to this instruction was the unmistakable word
"Guilty," and that word immediately following this peculiar
instruction and over the signature of the judge, would cer-
tainly be significant to a jury. They would at once say that
this indicated, whether placed there by mistake or not, that
the judge had in his mind that the defendant was *guilty,* and
that they should return their verdict accordingly. The fact
that this was not called to the attention of the trial court
could make no difference, for the reason it is one of those
things that would not likely have come to the knowledge of
the defendant or his counsel until he came to make up a
record on appeal. This word was evidently not read to the
jury when the instruction was read, but it was written on the
instruction when the court signed his name to the instruction,
and so there was no way that the defendant had of knowing
of this until after he examined the written instructions on
file with the clerk.

I do not think a court can escape the duty of reversing a
case under such conditions by saying that the evidence was
sufficient to convict the defendant anyway. That was a mat-
ter for the jury, and I think this case ought to be submitted
to a jury free from the error here complained of. This court
cannot get away from the legal presumption which arises from

410          STATE *v.* GRIGG.         [25 Idaho,

Opinion of the Court—Stewart, J., on Petition for Rehearing.

the record that this instruction was submitted to the jury and was examined and considered by them in the condition in which it comes here.

### ON PETITION FOR REHEARING.

#### (February 14, 1914.)

STEWART, J.—A petition has been filed by the appellant in this case for a rehearing. This court in the original opinion written in this case by Justice Sullivan and concurred in by myself, and in the dissenting opinion of Chief Justice Ailshie, clearly expressed the views of the respective judges at the time the opinions were prepared. At the time I concurred in the opinion of Justice Sullivan, I had no question as to the defendant's guilt, and upon the record I was satisfied that the jury could have found no other verdict except that the appellant was guilty; and because of that fact, the giving of instruction No. 22, upon which there appears at the end the word "guilty," followed by "John M. Flynn, Judge," was not a reason for reversal.

The instructions of the judge were very full in this case and clearly stated the law applicable to the facts as shown by the record, and assuming that such instructions were taken by the jury upon their retiring for deliberation and in determining the innocence or guilt of the defendant, they had the entire instructions for consideration, and no doubt gave their attention to all the instructions, and from them concluded that the verdict was supported by the evidence in the case and found the defendant guilty; for that reason I concurred in the case. But I want to say at this time that, because of the evidence, I am satisfied that the jury were not guided or controlled by the word "guilty" that the trial judge placed above his name. I do not believe that the jury were guided or influenced by such instruction alone, and upon that instruction found the defendant guilty.

The writing of the word "guilty" was merely a mistake made by the judge, or whoever wrote it there, and no reason

is given or shown by the record as to how it happened, or that it in any way controlled the verdict of the jury, and it is technical so far as affecting the reversal of the case, and I am of the opinion that in view of the evidence the judgment should be sustained and the petition for rehearing should be denied.

I do not agree to that portion of Judge Sullivan's opinion that such instruction should be given in any case of the character of the present case. I believe that this court should not approve an instruction followed by the word "guilty" as being the law of this state, unless the evidence is sufficient to show beyond a reasonable doubt that the defendant is guilty, and the ruling in this case should not be considered as establishing a precedent for future guidance, unless under similar circumstances. Trial courts should guard against such mistakes, and if such a thing happens again in a district court, a new trial should be granted as soon as such mistake is discovered. The petition for rehearing is denied.

SULLIVAN, J., Concurring in Part With the Views of Justice Stewart.—I concur in the views expressed by Justice Stewart wherein he holds that a rehearing ought not to be granted; but the justice misapprehends my opinion when he states as follows: "I do not agree to that portion of Judge Sullivan's opinion that such instruction should be given in any case of the character of the present case. I believe that this court should not approve an instruction followed by the word 'guilty' as being the law of this state." In my opinion I neither state nor intimate that an instruction followed by the word "guilty" is a proper instruction, but I do expressly hold in the former opinion that it was error for the court to indorse "guilty" at the foot of said instruction, but the instruction itself is a proper instruction to be given in any action where the crime is a felony. (See sec. 7, art. 1 of the state constitution.) By sec. 7886, Rev. Codes, it is provided that upon each instruction presented and given or refused, the court must indorse and sign its decision as to whether the instruction is given or refused. The indorsement of "given"

or "refused" and the signature of the judge thereto is no part of the principle of law embodied in the instruction. I did not hold in my former opinion that it was proper for the judge to indorse "guilty" in the place of "given" on an instruction and did expressly hold that it was error for him to do so.

AILSHIE, C. J.—I am still of the opinion that the judgment in this case should be reversed for the reasons heretofore stated by me.