(102 So. 597)

**ALEXANDER v. STATE.   (6 Div. 503.)**

(Court of Appeals of Alabama.   Jan. 13, 1925.)

**1. Criminal law ⇐507(1)—Party carrying food to still operators accessory.**

Wife, who, knowing her husband and others to be operating still, carries food to and remains with them for time, is accessory, under common-law rule that any one present and lending countenance or encouragement to its commission is accessory to crime.

**2. Criminal law ⇐510—Corroboration of testimony of accessory necessary to conviction.**

In view of Code 1923, § 3196, abolishing distinction between accessory before fact and principal, corroboration, as required by section 5635, is required to convict on testimony of accessory.

**3. Criminal law ⇐511(4)—Finding still at place testified to not sufficient corroboration.**

It is not sufficient corroboration of accomplice as witness that still was found at place where witness testified defendant was making whisky.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Arch Alexander was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.   The evidence in this case, by one witness, Laura Alexander, is to the effect that on July 1, 1921, this defendant and his two brothers, one of whom was her husband, were at a place on Canney Branch, about one quarter of a mile from her home, engaged in the manufacture of whisky. This witness is thoroughly impeached. She was shown to have ill will towards defendant and the other two parties charged, dating from July 8th before she began the prosecution against the three on July 15th. Many witnesses testified to her bad character generally and for truth, and the facts testified to as connecting the parties, including this defendant, with the crime were denied by several witnesses.

[1, 2] According to the statement of this witness she and her husband, Alvie Alexander, were living together on July 1st. On that date the three men, whom she now charges, left the house about 10:30, telling her where they were going, and giving directions so she could find them, and making arrangements with her to prepare and bring to them their midday meal, which she did, and at the time she carried and delivered the food to them (including this defendant) she knew they were engaged in the commission of a felony, to wit, the manufacture of whisky. With this knowledge she not only prepared, carried, and delivered the food to those engaged in the crime so that the work might continue without interruption, but she remained with them for about one half hour, lending her presence and countenance to the work there going on. The witness Laura Alexander was therefore, according to her own statement, present at the time the felony was being committed, lending her countenance, aid, or encouragement to its commission. These facts under the common law would constitute her an accessory at the fact. 1 R. C. L. p. 134 (6). In this state the distinction between accessories before the fact and principals have been abolished, and any person who by word, act, or deed aids or abets in the commission of a crime is guilty as a principal. Code 1923, § 3196; McMahan v. State, 168 Ala. 70, 53 So. 89.

Being therefore, under the undisputed evidence, an accessory to the crime charged, no conviction could be had upon the testimony of Laura Alexander, unless there was corroboration of her testimony as to some fact which will strengthen or make stronger her testimony to the fact of the participation of the defendant in the crime charged. This was the law as written in Deut. 19:15, as follows: "One witness shall not rise up against a man for any iniquity or for any sin, in any sin that he sinneth; at the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established," and has been followed and recognized in all of our decisions and statutes since that time. Code 1923, § 5635; Segars v. State, 19 Ala. App. 407, 97 So. 747; Bradley v. State, 19 Ala. App. 578, 99 So. 321.

[3] It is true other witnesses not impeached, about 30 days after it is alleged this defendant was engaged in manufacturing whisky, testified to the finding of a still on Canney Branch, at or near the place where Laura said this defendant and his brothers were when she was with them, but there is no evidence tending to connect this defendant with the still so found, except the testimony of Laura, and no evidence other than that of Laura tending to connect the defendant with the commission of the offense charg-

ed. The defendant was entitled to the general charge as requested, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.