## HART v. STATE. (4 Div. 197.)

(Court of Appeals of Alabama. Dec. 7, 1926. Rehearing Denied Jan. 11, 1927.)

1. **Criminal law ☞510—Conviction, shown to be upon uncorroborated testimony of accomplice, will be reversed.**

If, on appeal, defendant is shown to have been convicted upon uncorroborated testimony of accomplice, conviction will be reversed.

2. **Criminal law ☞511(9)—Conviction, supported by testimony of accomplice, corroborated by witnesses whose testimony alone was not sufficient to sustain conviction, would be sustained.**

In prosecution for manufacture of prohibited liquor and unlawful possession of still, conviction based on testimony of accomplice, corroborated by two witnesses for state, who were not accomplices, would be sustained, though testimony of such state witnesses was not sufficient when considered alone to sustain conviction.

3. **Criminal law ☞858(4)—In prosecution for manufacture of liquor and for possession of still, failure to take given charges to jury room held error (Code 1923, § 9509).**

In prosecution for manufacture of prohibited liquor and unlawful possession of still, failure of jury to take given charges with them into jury room *held* error, in view of mandatory requirement of Code 1923, § 9509.

4. **Criminal law ☞858(4)—Statute requiring jury to take given charges with them on retirement is mandatory (Code 1923, § 9509).**

Code 1923, § 9509, requiring that given charges be taken by jury with them on retirement, is mandatory.

5. **Criminal law ☞1162—Failure to observe plain mandate of statute cannot be said, as matter of law, to be unprejudicial.**

When there is plain mandate of statute, failure to observe such mandate cannot be said, as matter of law, to be unprejudicial.

Rice, J., dissenting.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Hobson Hart was convicted of distilling prohibited liquors and possessing a still, and he appeals. Reversed and remanded.

Frank B. Bricken, of Luverne, for appellant.

There can be no conviction upon the uncorroborated testimony of an accomplice. Alexander v. State, 20 Ala. App. 432, 102 So. 597; Id., 20 Ala. App. 433, 102 So. 598; Code 1923, § 5635. Failure of the court to grant defendant's motion for a new trial, upon the

ground that charges given for the defendant were not taken by the jury to the jury room, constituted reversible error. Given charges must be taken by the jury. Code 1923, § 9509; Orr v. State, 117 Ala. 72, 23 So. 696.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

SAMFORD, J. [1, 2] It is first contended that defendant was convicted upon the uncorroborated testimony of an accomplice. If this were true, the judgment in this case would be reversed on authority of Alexander v. State, 20 Ala. App. 432, 102 So. 597. In this case, however, the testimony of the accomplice is corroborated by the testimony of the state witnesses Sikes and Ellis, who were not accomplices, and, while the testimony of Sikes and Ellis may not have been sufficient when considered alone to have sustained a conviction, their testimony was corroborative of the testimony of the accomplice so as to sustain the verdict of conviction.

[3, 4] The defendant requested the court in writing to give certain instructions to the jury, which instructions are embraced in charges A, C, 3½, 4, 5, 6, 7, 9, and D, and upon each was written the word "given" and signed by the judge as is provided for by section 9509 of the Code of 1923. For some reason not shown by the record these charges were read to the jury by the presiding judge, but (with the single exception of charge D) none of these charges were taken by the jury with them on retirement, nor were these charges with the jury during their deliberation. This fact was brought to the attention of the court by motion for new trial, and is admitted to be true. The statute (Code, § 9509, supra) is imperative to the effect that such charges "must be taken by the jury with them on retirement." Such is the plain mandate of the statute, and whatever may be our views as to what it ought to be, we see no escape from the conclusion that, having failed in this particular, the court should have granted the motion for a new trial. On this question Coleman, J., speaking for the court, said:

"What we do decide is that special charges requested in writing and 'given' must be taken out by the jury." Orr v. State, 117 Ala. 69, 72, 23 So. 696.

[5] When there is a plain mandate of the statute, a failure to observe such cannot be said as matter of law to be error without injury. The Legislature has fixed it as being a necessary part of a trial before a jury, and the courts must abide it.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.

RICE, J. (dissenting). My associates hold, as will be seen from their opinion, that a new trial should be granted in this case on the sole ground that certain written charges requested by the appellant in the court below, and duly read to the jury by the trial judge and indorsed "Given," were not taken by the jury with them to their jury room where the verdict of guilty against the defendant was reached. I cannot agree.

The record shows that the jury deliberated for 24 hours. There is an affidavit signed by five members of the jury that "said jury did not at any time during its deliberations have said charges, and same were never given to the jury or in their possession." I do not understand this affidavit to mean, nor my associates to hold, that these charges were not "given" to the jury in the sense that they were read to the jury by the court as a part of the law of the case. Indeed, there is no contention made by the appellant that this was not done. The record affirmatively shows that it was.

To reverse this case on the ground mentioned in the majority opinion would, it seems to me, put it in the power of a defendant, through skillful or careless counsel, to procure a new trial in practically every case of conviction. There is no practicing attorney who has not observed the confusion that frequently obtains in hotly litigated trials in being certain that, when the jury go to make up their verdict, they carry with them all the charges, papers, exhibits, etc., that they should have during their deliberations. Every careful lawyer, I am persuaded, takes particular pains to see that the jury take with them the papers that affect favorably his client's cause. We need not here concern ourselves about the case of a defendant without a lawyer to look after his case, for we know that this defendant (appellant) did have a lawyer, and a good one. And a defendant who did not have a lawyer would have no way of drawing the charges and getting the question now being discussed before the court.

There was no ruling of the trial court invoked on the trial of the case as to these charges, but that was other than in accord with appellant's request. The fair inference is, indeed the record plainly shows, that the said charges were left behind in the courtroom by the jury purely through inadvertence. No juror states that his verdict would have been any other than it was had he had the pieces of paper upon which were written the said charges with him or in his hands, while deliberating upon the case, or that he did not remember the charges from the reading of them to him by the court as a part of the law governing his deliberations. Indeed I am thoroughly persuaded from a reading of the whole record that the defendant suffered no injury whatsoever from the purely

technical fact that the said charges were not actually physically in the hands of the jury while they were using 24 hours to arrive at a verdict of guilty against the defendant. The jury did not call for them; the trial judge did not refuse to allow them to be taken out by and with the jury. In fact, it is perfectly clear that the said charges were left out of the jury room through nobody's fault, but through a purely inadvertent oversight on the part of all concerned.

The majority of this court seem to regard the decision of the Supreme Court in the case of Orr v. State, 117 Ala. 69, 23 So. 696, as requiring that the judgment here appealed from be reversed, but I do not so read the opinion in that case. In the first place the statute (Code 1923, § 9509) has been amended to meet what seems to me to be the very point upon which the judgment of reversal in the Orr Case was based. At any rate I do not think that case an apt authority for the holding announced in this case by my brothers, and I do not believe we ought to reverse a judgment of conviction on a matter which does not affirmatively appear to have injured appellant's rights, and which arose out of no adverse ruling of the trial court. Therefore I dissent. See B. R. L. & P. Co. v. Seaborn, 168 Ala. 663, 53 So. 241.