## McMILLAN v. STATE.

### 8 Div. 47.

Court of Appeals of Alabama.

June 4, 1935.

T. C. Almon, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

■ The evidence in this case was in sharp conflict, thereby presenting a jury question; hence there was no error in refusing to defendant the affirmative charge. Nor was there error in overruling the motion for a new trial.

■ The defendant was charged with the offense of being in possession of whisky. One of the state witnesses testified he saw the defendant and a negro pouring the whisky from one vessel into another. It was without dispute that whisky in large quantities was found at the place in question. There was other evidence tending to connect this appellant with the commission of the offense charged. The defendant denied he was in possession of the whisky; also denied that he owned it or had any interest in the whisky. He may not have owned it, or had any interest in the whisky, yet, if he was pouring it into another vessel (and this was a question for the jury), he was guilty of its possession. Ex parte State ex rel. Attorney General (Harbin v. State), 210 Ala. 55, 97 So. 426. In the Harbin Case, this court expressed its views in Harbin v. State, 19 Ala. App. 623, 99 So. 740, but the Supreme Court said: "We hold that the possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner—so called—would remain in the constructive possession of the liquor, and nevertheless his

permissive custodian would have an actual possession which the statute prohibits."

The trial court acted within the terms of the statute in adding three months' hard labor as a punishment; therefore, the insistence to the contrary cannot be sustained.

We find no error in the trial of this case in the court below. The judgment of conviction appealed from is affirmed.

Affirmed