175 So. 283

## MORRIS v. STATE.

### 6 Div. 994.

Supreme Court of Alabama.

May 20, 1937.

Rehearing Denied June 29, 1937.

Albert Boutwell, Sam C. Pointer, Robert Giles, S. L. Irwin, and John P. McCoy, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., Silas C. Garrett, III, Asst. Atty. Gen., and Roderick Beddow, of Birmingham, for the State.

ANDERSON, Chief Justice.

The appellant was indicted and convicted of murder in the first degree and given the death penalty. The defense was "not guilty and not guilty by reason of insanity." There was little, if any, conflict in the evidence as to the defendant's guilt of murder in the first degree, no self-defense, but lying in wait when firing the fatal shot or shots. There was an effort, however, to establish the mental incapacity of the defendant at the time of the homicide and it was this defense chiefly, if not entirely, as to which the rulings of the trial court are challenged.

It is true that section 9509 of the Code of 1923, among other things, provides: "Charges which are marked 'given' by the trial judge, must be taken by the jury with them on retirement, and those refused must be retained by the clerk." It appears that the defendant's requested charge 12 was marked given and read to the jury, and, conceding that through oversight it was not taken out by the jury, this would, of course, be error. But, from aught appearing, the other charges given for the defendant were delivered to the jury and taken out and considered and we can safely hold that the failure to take out with them charge 12 was error without injury as said charge was fully covered by those that were taken out and considered by the jury.

The State had the right, upon cross-examination of the defendant's character witnesses, to shed light upon the weight and credibility of their testimony. Pierce v. State, 228 Ala. 545, 154 So. 526, and many cases there cited. Moreover, the said witnesses gave a negative answer to each question which the trial court permitted the State's counsel to ask testing the weight and credibility of these character witnesses.

The defendant offered evidence to establish the infidelity of his deceased wife not only by rumor but by specific acts or circumstances as bearing upon his mind, and, this issue having been injected in the case, the State had the right to refute and rebut such evidence by not only showing no such rumors as well as no grounds for same.

It is urged that the case should be reversed because counsel for the state referred to one of the defendant's witnesses as the keeper of a "dive." We cannot say that this statement was so entirely unsupported by the evidence as to pronounce the failure of the trial court to exclude this remark upon the objection and motion of the defendant reversible error. True, there was no direct testimony that this witness kept a "dive," but there was evidence from which the jury could infer that her place was one of low resort. John Morris testified, "I have been out to the home of this Lackey woman, and we always drank liquor there; we got liquor there." The jury could infer that she was running a place contrary to the then existing law. True, this was contradicted, but we cannot say that the remark of counsel was not supported by evidence.

We have carefully considered the defendant's refused charges and they were either faulty or fully covered by his given charges or the oral charge of the court, one or both.

The jury was drawn and impaneled in strict compliance with General Acts 1935, p. 1010, but the defendant contended that said act violated the Federal Constitution, in that it is repugnant to the Fourteenth Amendment to the Constitution of the United States, as denying to appellant the equal protection of the law and depriving him of life and liberty without due process of law. This contention is without merit, and was so decided in the case of Dixon v. State, 232 Ala. 150, 167 So. 349, wherein this court not only denied certiorari but expressly approved the opinion of the Court of Appeals in said Dixon Case, 27 Ala.App. 64, 167 So. 340.

While this opinion is addressed and in response to the points urged in the argu-

522

ment of counsel, we are not unmindful of the statute to search for any reversible point in the record and which has not been found after a careful and diligent consideration of the record.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.