199 So. 742

### CANTRELL v. STATE.

6 Div. 646.

Court of Appeals of Alabama.

Jan. 14, 1941.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

Griffith & Entrekin, of Cullman, for appellant.

SIMPSON, Judge.

The defendant appeals from a conviction under Count 2 of the indictment, which charged the illegal possession of a still for the purpose of manufacturing prohibited liquors, etc.

One of the principal insistences of error on this appeal is the refusal of the trial court to give for the defendant the general affirmative charge, duly requested. It is asserted by appellant that the evidence for the State was not sufficient to support the conviction.

The State's case rested upon the evidence that, in the early morning of the raid, about 4:30, defendant came to the still, with two others who fired it up for operation; the defendant did no work at the still but followed the tracks of the of-

ficers therefrom until he approached their hiding place, whereupon he "squatted" down by a tree and was then arrested. The still was complete and ready for operation when the raid was made, whereas, before the appearance of the three men that morning, the worm was lacking. Defendant admitted to one of the State's witnesses that "the worm (of the still) belonged to him and that he ordered it," and, to others, that he had ordered it by mail for the still, that it was delivered to his home, but that it had been ordered for one Williams, one of the others at the still at the time of the raid. The fact of the ordering of the worm in defendant's name was corroborated by several witnesses and the mail carrier testified that he delivered a worm of similar description to defendant's mail box, the defendant being the addressee of the package. A short time before the raid, defendant and said Williams were seen in the neighborhood of the still site, carrying a still worm, a pot (of like appearance to the one here involved), and some jugs.

The defendant denied all complicity in the matter, denied the confessions, contended that Williams, without his permission, had ordered the worm in his (defendant's) name and that on the early morning of his arrest he was going rabbit hunting.

 The issue of guilt was plainly for determination of the jury. One who, though not present, aids or abets in the commission of a felony is guilty and punishable as a principal. Alexander v. State, 20 Ala.App. 432, 102 So. 597; McMahan v. State, 168 Ala. 70, 53 So. 89; Code 1923, Sec. 3196. The words aid and abet comprehend all assistance rendered by acts or words of encouragement, or support or presence, to render assistance should it become necessary, and no particular acts are essential. Raiford's case, Raiford v. State, 59 Ala. 106.

If the worm was ordered by defendant to be used and was being used on the still, under the circumstances related, when he was arrested, or if it was his property and was furnished by him to another for the unlawful purpose for which it was then used, the defendant, as well as the actual owner or operator of the still, would also be guilty.

The unexplained possession by defendant of any part or parts of the still commonly or generally used for, or suitable for use in, the manufacture of prohibited liquors or beverages made out a prima facie case of guilt. Code 1923, Sec. 4657. It was within the sound discretion of the jury to reject the defendant's explanation thereof if it so desired.

Thus, there is no escape from the conclusion that the jury, if it credited the State's evidence, was fully warranted in returning the verdict of guilt.

It is not the province of this court to disturb the verdict under such circumstances.

It is urged that the remarks of the solicitor to the jury were unwarranted and constituted such substantial injury to the rights of the defendant as to require a reversal. We are not impressed with this insistence. To us the expression, used by the solicitor, is of little meaning. But, at most, it is merely an accusation that the defendant was furnishing the money and ingenuity for the illegal transaction, which assertion was justified under the evidence. It is not made clear to us that the defendant was probably prejudiced by said remarks.

After a careful and attentive study of the record, and according due consideration to the briefs presented by the learned counsel for appellant, we think the judgment below should be affirmed.

Affirmed.