1 So.2d 917

### FREEMAN v. STATE.

6 Div. 574.

Court of Appeals of Alabama.

Feb. 25, 1941.

Rehearing Denied March 18, 1941.

F. F. Windham, of Tuscaloosa, for appellant.

It was not controverted that the deceased was murdered by L. C. Freeman, son of appellant, by shooting him with a pistol. L. C. Freeman was indicted, tried and convicted at a previous term of court. Thereafter, at a subsequent term of court, an indictment was preferred against appellant upon which he was tried and convicted, and from which judgment of conviction this appeal results.

This prosecution was rested upon the evidence that the appellant aided and abetted in the murder by giving his son, L. C. Freeman, the pistol with which deceased was killed and telling him to "take this gun (the pistol) and go up there and kill him (deceased). I've got white friends to get you out." It was proven for the State that appellant first offered his son a knife, but, when his son said he "didn't need any knife", appellant gave him the pistol, accompanied by the above-quoted words, "take this gun and go up there and kill him" etc., whereupon his son immediately left (appellant's home) and went to the Coaling station and killed the deceased with the pistol. This testimony was given by two witnesses, one the wife of another of appellant's sons. Other State's witnesses, who saw the shooting, testified that immediately upon killing the deceased, L. C. Freeman met the appellant about fifty yards from the scene and told him, "if the law comes after me tell them I am at the house", whereupon, in answer, the appellant said, "Dunk (his son), I know you would do that." Other witnesses testified to the bad reputation of appellant and as to his bad reputation for truth, etc. Such was the evidence for the State, and, if believed by the jury beyond a reasonable doubt, conviction of the appellant was undoubtedly warranted.

The verity of the foregoing testimony was strenuously denied by the appellant and his witnesses, who claimed that appellant knew nothing of the trouble between his son and the deceased, was at work when the shooting occurred, did not give L. C. Freeman the pistol, and told him nothing. It was further proved for appellant that the principal witnesses against him did not testify at his son's trial but went before a later grand jury and procured his indictment. It was his further contention that his said daughter-in-law so testified against him through malice and that she and others framed the case against him, either through hatred of appellant or his attorney. There was evidence that defendant bore a good

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellant was convicted of murder in the second degree and appeals to this court.

reputation in the community and that the reputation for truth, etc., of the daughter-in-law and other State's witnesses was bad.

To the court which must view the entire evidence impartially it is most evident that decision of the question of the guilt of the defendant was for the jury, and jury alone. There was a positive and clear conflict in the evidence and the refusal of the trial court to give for the defendant the requested affirmative charge was proper. To have ruled otherwise, when there was such sharp conflict in the evidence, would have been unwarranted. McMillan v. State, 26 Ala.App. 439, 161 So. 831; Adams v. State, 29 Ala.App. 547, 198 So. 451; Way v. State, 155 Ala. 52, 46 So. 273; Dillard v. State, 27 Ala.App. 50, 165 So. 783.

If the appellant aided or abetted his son, L. C. Freeman, in the unlawful killing of the deceased, it was not essential to the appellant's guilt that he be present when the fatal affair occurred. Hence, special written Charge b, requested by appellant, was properly refused for this reason if for no other. Ferguson v. State, 134 Ala. 63, 32 So. 760, 92 Am.St.Rep. 17; Cantrell v. State, 29 Ala.App. 614, 199 So. 742.

Appellant, through earnest counsel, insists that the conversation between the appellant and his son after the killing, quoted hereinabove, was improperly admitted in evidence, but we think not. Not only does such conversation tend to corroborate the evidence for the State that appellant was an aider or abettor in the killing, but, also, it was of the res gestæ. Statements of the accused, after the commission of the crime, whether exculpatory or incriminatory, made spontaneously, while the mind was still under the influence that controlled it when the event took place —and at such time and place and under such circumstances as to preclude the idea of afterthought, design, or a mere retrospective relation of a past occurrence—are comprehended in the res gestæ. 22 C.J.S., Criminal Law, page 1054, § 667; Dillard v. State, 27 Ala.App. 50, 165 So. 783; Roan v. State, 225 Ala. 428, 143 So. 454.

Nor was the appellant substantially prejudiced by the allowance in evidence of the conversation between appellant and the storekeeper, Fikes, in which he told Fikes that his son had shot and, he "guessed", killed deceased. For, other reasons aside, this fact was not denied but admitted by appellant.

Nor can error be rested upon the refusal of the court to allow answer to the question propounded by appellant's counsel to State's witness Marylene Freeman, daughter-in-law of appellant, with reference to the state of feeling between appellant and L. C. Freeman, his son, since, aside from having been substantially answered later, the question was not properly framed to elicit legal testimony.

Counsel for appellant earnestly urges that we declare a reversal of the case because the trial court overruled the motion for a new trial. Nothing new of legal evidence was presented at the hearing of said motion. It is the appellant's contention that his daughter-in-law, Marylene Freeman, who testified against him as to giving his son the pistol, had, subsequent to his conviction, made statements contradictory to those upon the stand and, since said trial, had explained that her said conduct at the trial was induced by dislike of the appellant. Pretermitting discussion of the effect upon the case, had such proof been properly presented, there was no proper and legal evidence given at said hearing to support such a claim. The affidavits submitted that Marylene Freeman's husband had told the affiants that his wife had said that she had testified against appellant for certain reasons, presented the merest of hearsay evidence and was wholly insufficient upon which to base a reversal of the case for the refusal of the trial court to grant the new trial.

If, as a fact, the appellant has been convicted upon malicious, false testimony and such could be established by legal evidence—which is not apparent in the present record—then, in that event, the matter could and should be made known to the pardoning authorities of the State for proper action.

A careful review of the present record convinces us that the trial court ruled correctly in denying the motion for a new trial.

"The findings of a trial court are, on appeal, presumptively correct; and the burden is upon the appellant to show error. The verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown." Girardino v. Birmingham Southern R. Co., 179 Ala. 420, 423, 60 So. 871, 872.

The evidence pending trial was substantial to support the verdict of guilty and that presented in behalf of the motion for a new trial impresses us as wholly insufficient to allow us to say that the trial court was in error in refusing to grant said motion. So, using as our' guide the well-known rule in Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, the conclusion is reached that the ruling of the trial court in denying the new trial should not be disturbed.

We have carefully considered each ruling of the court subject to review and have discussed in detail the several propositions of law insisted upon in brief of counsel for appellant. After searching the record for error and according due consideration to counsel's able argument, we are firmly persuaded that no reversible error is made to appear and the judgment below should be affirmed—so ordered.

Affirmed.