5 So.2d 747

### DUNN et al. v. STATE.

### 6 Div. 823.

Court of Appeals of Alabama.
Jan. 20, 1942.

Morel Montgomery, of Birmingham, for appellants.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The three defendants were convicted of assault with intent to murder. They entered the dwelling of Garfield Blanton and, according to the evidence of the State, committed a dangerous and unprovoked assault upon his person, inflicting upon him several knife wounds. Oliver Dunn and Will Sanders wielded the knives and Frank Dunn, also armed, said he had come to kill him. There was ample support for the conclusion that the three were acting in preconcert, so the act of one was the act of all.

Strenuous argument is presented by his able counsel that Frank Dunn could be guilty of no higher offense than assault and battery, since he struck Blanton only with his fists. But we are unconvinced. There was a clear inference from the evidence that he was present as an aider and abettor of the other two who used the weapons upon the injured party. This made him guilty and punishable as a principal. Raiford v. State, 59 Ala. 106; Cantrell v. State, 29 Ala.App. 614, 199 So. 742; 6 Alabama Digest, Criminal Law, ☞59, (1), (5).

It is also urged that the punishment in the respective cases was so severe as to warrant a reversal. If the State's evidence was reputable, and nothing appears to induce a contrary view, the punishments imposed were not subject to this criticism. They were within the limits prescribed by law. The trial judge, who was in position to

know the parties, hear the evidence from the stand, and probably familiar with some of the attending circumstances, could better appraise, than we, the degree of punishment due. We cannot say that he did not soundly exercise his discretion in this regard.

Our view is that there is nothing presented to justify a reversal, so affirmance is ordered.

Affirmed.