**COPELAND v. UNITED STATES.**

No. 9044.

United States Court of Appeals
District of Columbia.

Argued Oct. 16, 1945.

Decided Dec. 31, 1945.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John P. Burke, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and ALBERT LEE STEPHENS, Circuit Judge sitting by designation, and EDGERTON, Associate Justice.

EDGERTON, Associate Justice.

This appeal is from a conviction of murder in the first degree. The deceased, Dora M. Johnson, was a sister of Hazel Cordove Copeland. Appellant had pretended to marry Hazel, but she had later learned that he was already married. This discovery led to a quarrel in which appellant fired revolver shots at Hazel and at members of her family. First he shot Dora's husband William Johnson, whose behavior, appellant claims, appeared threatening. Immediately afterwards appellant fatally shot Dora. He then fired at Hazel. Hazel fainted, but regained consciousness and ran into the street. Appellant pursued her. Near the first street corner he shot her and she fell to the ground. Appellant then ran away.

Appellant's counsel complains of the admission in evidence of the shooting of Hazel, which he describes as "another offense." There is no merit in this objection. It would be absurd to consider a homicide without regard to relevant events which immediately preceded and followed it. The fact that appellant deliberately pursued and shot Hazel immediately after he shot Dora tends to show that his shooting of Dora was not, as he claimed it was, an accident in an attempt at self-defense against William, but was done with deliberate intent to kill. Evidence of the shooting of Hazel was therefore rightly received. Acts similar to the crime charged, which tend to show the intent with which the criminal act was done, are admissible for that purpose though they may themselves

be criminal.[1] In a prosecution for homicide, "the recurrence of others acts of the sort tends to negative inadvertence, defensive purpose, or any other form of innocent intent."[2] We need not consider whether Burge v. United States,[3] on which appellant relies, was rightly decided. In that case, in which we ruled out evidence of a second shooting, we thought there was no genuine issue with regard to the intentional character of the first and principal shooting. There was such an issue here.

■ The judge allowed counsel for both sides to read to the jury, in the course of argument, written instructions which counsel had prepared and the judge had approved. The judge did not personally read these instructions to the jury, but told the jury that as read by counsel they were correct. Though we have already affirmed a conviction of first degree murder in a case in which much the same method was used,[4] we think it is not the best method.[5] It will be forbidden by Rule 30 of the proposed new Rules of Criminal Procedure for the District Courts of the United States, which requires the court to "instruct the jury after the arguments are completed." Instructions which reach the jury piecemeal from two or more lawyers are likely to be less clear in their relation to each other, and less impressive in themselves, than the elements of a charge which the judge has organized and which he delivers from the bench. The jury may fail to distinguish clearly between instruction and argument, when both come from or through counsel, with the result that arguments are taken too seriously and instructions not seriously enough. In the present case, however, counsel assured the judge that the instructions were satisfactory, and there is nothing to show that the jury were confused or misled or failed to understand the law. Appellant's substantial rights were not infringed and the conviction must stand.

■■ The jury wished to take the written instructions with them to the jury room. Since counsel for both sides advised the court to refuse this request, the court quite properly did so. But we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also handed over to the jury. This course is required in some states, and is widely practiced.[6] United States courts are free to follow it.[7] We see no good reason why the members of a jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available. The question should be determined by the judge in his discretion. No doubt instructions which he reads and hands over to the jury may make a stronger impression than other instructions which are not reduced to writing. This difference may or may not be important. When the judge thinks that it is likely to distort the charge as a whole or unfairly favor one party, he may solve the problem either by declining to give or by declining to hand over any written instructions, or by reducing his entire charge to writing and reading it to the jury.

Affirmed.

[1] Evidence of other offenses "tending to show intent" is admissible. Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865. Wigmore on Evidence, 3d Ed., §§ 216, 217.

[2] Wigmore on Evidence, 3d Ed., § 363.

[3] 26 App.D.C. 524.

[4] The record, but not the opinion of this court, shows that this method was used. It was not complained of as error. Mumforde v. United States, 76 U.S.App. D.C. 107, 130 F.2d 411.

[5] Cf. O'Dell v. Goff, 153 Mich. 643, 117 N.W. 59.

[6] Hart v. State, 21 Ala.App. 621, 111 So. 47; Culbreath v. State, 96 Ark. 177, 131 S.W. 676; State v. Grigg, 25 Idaho 405, 137 P. 371, 138 P. 506; State v. Campbell, 173 La. 831, 138 So. 853; State v. Colson, 325 Mo. 510, 30 S.W. 2d 59. Cf. Reid's Branson, Instructions to Juries, 3d Ed., §§ 91–93.

[7] Garst v. United States, 4 Cir., 180 F. 339, 345; Warren Bros. Co. v. Wright, 4 Cir., 239 F. 71; Outlaw v. United States, 5 Cir., 81 F.2d 805, certiorari denied 298 U.S. 665, 56 S.Ct. 747, 80 L.Ed. 1389.