BOWEN, Judge.
The defendant was indicted and convicted for the first degree murder of her husband. Sentence was life imprisonment.
We have carefully examined the record and find that this case must be reversed for the failure of the jury to take with them on retirement the written requested charges marked “given” by the trial judge as required by Section 12-16-13 Alabama Code 1975.
The defendant properly raised this issue on her motion for new trial. Smith v. State, 46 Ala.App. 99, 104, 238 So.2d 898 (1970). In overruling this motion the trial court offered the following explanation.
“Ground one hundred forty two has been fully considered. The court is not unaware of the cases involving the failure to send given requested charges to the Jury, and the reversals of verdicts of convictions therein. Two matters have been considered, however, that, in the opinion of the court, distinguish this failure from those cases. The first being Rule 45 of the Alabama Rules of Appellate Procedure. The second matter: at the end of the trial, and before the Jury began its deliberations, the court directed the attorneys to get with the court reporter and to be sure that everything went to the Jury that was supposed to. The Court emphasizes here that this is no excuse for the Court’s failure to determine that the charges were actually supplied to the Jury, nor an attempt to share the Court’s sole responsibility for this procedural aspect of the trial. However, this failure was not brought to the Court’s attention by objection or otherwise until after the verdict of the Jury and its discharge.
“Therefore, in consideration of the above, it is the Judgment of the Court that the defendant’s motion for new trial is due to be and is hereby overruled.”
After the jury was sent out to begin their deliberations the following is reflected in the record:
“(Whereupon, the Court Reporter, at the direction of the Court conferred with all counsel as to exhibits which were received in evidence going to the jury; and upon agreement of all counsel, Court Reporter delivered same to Bailiff for transportation to the Jury.)” (emphasis added)
The trial judge gave twenty-five of the defendant’s written requested charges. It is undisputed that these charges were not with the jury during their deliberations.
Section 12-16-13 states in part: “Charges which are marked ‘given by the trial judge must be taken by the jury with them on retirement, . . .’” (emphasis added).
This section has been in effect since 1896, Code of Alabama 1896, Section 3328, and has always been interpreted as mandatory. Orr v. State, 117 Ala. 69, 23 So. 696 (1897).
“What we do decide is, that special charges requested in writing and ‘Given’ must be taken out by the jury, and the party has the right to have such charges before the jury for their examination and consideration, while charges marked ‘Refused’ do not go before the jury.” Orr, 117 Ala. at 72, 23 So. 696.
*727 The next case commenting upon the statutory requirement of what is now Section 12-16-13 is Hart v. State, 21 Ala.App. 621, 111 So. 47 (1926). In following Orr, supra, the Court of Appeals (Judge Samford) commented:
“The defendant requested the court in writing to give certain instructions to the jury, which instructions are embraced in charges A, C, 3V2, 4, 5, 6, 7, 9 and D, and upon each was written the word ‘given’ and signed by the judge as is provided for by section 9509 of the Code of 1923. For some reason not shown by the record these charges were read to the jury by the presiding judge, but (with the single exception of charge D) none of these charges were taken by the jury with them on retirement, nor were these charges with the jury during their deliberation. This fact was brought to the attention of the court by motion for new trial, and is admitted to be true. The statute (Code, Section 9509, supra) is imperative to the effect that such charges ‘must be taken by the jury with them on retirement.’ Such is the plain mandate of the statute, and whatever may be our views as to what it ought to be, we see no escape from the conclusion that, having failed in this particular, the court should have granted the motion for a new trial. On this question Coleman, J., speaking for the court, said:
“ ‘What we do decide is that special charges requested in writing and ‘given’ must be taken out by the jury.’ Orr v. State, 117 Ala. 69, 72, 23 So. 696.
“When there is a plain mandate of the statute, a failure to observe such cannot be said as matter of law to be error without injury. The Legislature has fixed it as being a necessary part of a trial before a jury, and the courts must abide it.
“The judgment must be reversed, and the cause remanded.
“Reversed and remanded.” Hart, 21 Ala. App. at 622, 111 So. 47.
Judge Rice dissenting in Hart argued that the conviction should not be reversed because it did not affirmatively appear that the defendant had been injured by the fact that the jury did not have the defendant’s requested written charges marked “given” with them during their deliberation. Judge Rice noted:
“The jury did not call for them; the trial judge did not refuse to allow them to be taken out by and with the jury. In fact, it is perfectly clear that the said charges were left out of the jury room through nobody’s fault, but through a purely inadvertent oversight on the part of all concerned.” Hart, 21 Ala.App. at 623, 111 So. 47.
However, three years later, in Brewer v. State, 23 Ala.App. 35, 120 So. 301 (1929), we find that Judge Rice was the author of an opinion reversing a conviction for the jury’s failure to have with them “for some reason not shown by the record” one requested written charge. Brewer, 23 Ala.App. at 36, 120 So. 301.
Most recently, in Cartlidge v. State, 52 Ala.App. 495, 501, 294 So.2d 462, cert. denied, 292 Ala. 715, 294 So.2d 467 (1974), this Court, through Judge Harris, condemned any practice which would “circumvent” the “plain mandate” of Section 12-16-13. On this issue generally, see Anno. 91 A.L.R.3d 382 (1979).
We cannot consider this error harmless under Rule 45 A.R.A.P. Hart, supra. The record does not show and it is not alleged by the trial judge that the sole responsibility for the jury having the requested charges had been placed upon defense counsel. In almost every case, the defendant will learn of the fact that the jury did not have the requested charges only after the verdict has been returned. Indeed, if defense counsel were to learn of the omission at any time before the jury returned its verdict and not call it to the attention of the trial judge, the objection would surely be deemed waived on appeal.
We have found no case where the failure to follow Section 12-16-13 has been held to be harmless error except Morris v. State, 234 Ala. 520, 175 So. 283 (1937). There requested given charge 12 was, “through *728 oversight”, not taken out by the jury. However, charge 12 was “fully covered by those (other requested given charges) that were taken out and considered by the jury.” Morris, 234 Ala. at 521, 175 So. 283. Those special and unique circumstances found in Morris are not present here.
We understand the reluctance of the trial judge to grant the motion for new trial. However, under the prior opinions of this Court and the Alabama Supreme Court, which we are bound by law to follow, this case must be reversed. The evidence in this case was conflicting. It was a close and hard fought battle in which there was substantial evidence supporting guilt and innocence. It is a well known fact that written instructions may make a stronger impression than other instructions which are not reduced to writing.
The fact that we have reversed this case upon one ground does not mean and should not be construed to mean that the remainder of the record is free from error. In fact, there was a great deal of hearsay testimony admitted over objection that was extremely prejudicial to the defendant. Other arguments advanced by the defendant also have merit. However, with these comments we do not think that the other issues raised on this appeal will present themselves again when and should the defendant be retried.
The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.