# Brown *v.* The State.

## *Indictment for Larceny.*

1. *Admissibility of confessions.*—The question of the admissibility of confessions is for the court and is not to be submitted to the jury.
2. An argumentative charge requested by a defendant is properly refused.

APPEAL from Montgomery City Court.

Tried before Hon. A. D. SAYRE.

No facts necessary to be stated. Charge 2 refused to the defendant, is as follows: "If the confession of the defendant as narrated by the witnesses for the State were obtained by the witnesses R. I. Taylor and W. H. Taylor by a threat or promise of reward on their part, then gentlemen you should carefully scrutinize the testimony of the witnesses in reference to that confession."

HILL & HILL, for appellant, cited, *Taylor v. State,* 118 Ala. 86; *Young v. State,* 68 Ala. 577.

CHAS. G. BROWN, Attorney-General, for the State. (1). Confessions were properly admitted.—*Johnson v. State,* 59 Ala. 37; *McElroy v. State,* 75 Ala. 9; *Spicer v. State,* 69 Ala. 159; *Grant v. State,* 55 Ala. 201; *Dolson v. State,* 88 Ala. 208; *McQueen v. State,* 94 Ala. 50.

(2). No error in refusing charges.—*Young v. State,* 68 Ala. 569; *Redd v. State,* 69 Ala. 255.

McCLELLAN, C. J.—The several rulings of the trial court on the admissibility of testimony, to which exceptions were reserved, are either so obviously free from error or lacking in prejudice to the appellant that we deem a discussion of them unnecessary to the conclusion that a reversal cannot be based upon them.

The first charge requested by the defendant—viz: "If the confession of the defendant as narrated by the wit-

[Bell v. The State.]

nesses R. T. Taylor and W. H. Taylor were obtained from the defendant by a threat on their part or by a promise to release the defendant from the dark cell, if he was there confined, then you cannot consider that evidence," has been often adjudged bad by this court as in effect submitting to the jury the question of the admissibility of confessions.—*Bob v. State,* 32 Ala. 560; *Matthews v. State,* 55 Ala. 65; *Redd v. State,* 69 Ala. 255; *Young et al. v. State,* 68 Ala. 569; *McCuff v. State,* 88 Ala. 147.

The second charge refused to the defendant was properly refused on account of its argumentative character, if not for other reasons.

Affirmed.