34 So.2d 173

## EDWARDS v. STATE.

6 Div. 434.

Court of Appeals of Alabama.

Feb. 3, 1948.

Rehearing Denied Feb. 24, 1948.

E. U. Skidmore, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

An inadvertence in the former opinion in this case necessitates that the opinion be corrected and extended.

The reason for this order is that in the former opinion the court dealt with an error as therein stated, but it has been brought to our attention that one of the patent errors dealt with in said opinion has been corrected by the trial court, as appeared in a different portion of the record, and this had not been drawn to our attention.

The appeal here is from a judgment of conviction for the offense of assault with intent to rob.

The conviction of the defendant was rested upon the unsupported evidence of the alleged injured party. Said evidence of this witness tended to make out the State's case of robbery as charged in the indictment. The said injured party was named Mack Crowell, and he testified that sometime during the month of November, 1946, he was on his way home and was passing through what is known as "Austin Quarters" in Tuscaloosa, Tuscaloosa County, Alabama. Further, that on this occasion, it being between 11 and 12:30 o'clock at night, he met up with the defendant, and was asked by the defendant where he was going. He replied that he was on his way home and the defendant said, "I am going your way and I will go along." After he and the defendant had proceeded a short distance from the point of meeting, he stated that defendant pulled a knife from his pocket and held it at the back of his Crowell's neck, and proceeded to take from his person the sum of $42.85.

■ As stated the only evidence adduced upon the trial of this case as to the commission of the alleged offense by appellant was that of the named injured party, which evidence was unsupported by any other evidence in the case. Said evidence tended to show that the crime of robbery itself was completed, that is to say under said evidence the crime was fully consummated. However the verdict of the jury acquitted the defendant of the offense of robbery, and, as noted, found the defendant guilty of an assault with intent to rob. Said verdict was unsupported by the evidence and was manifestly a compromise verdict which the law does not approve or contemplate. It also shows the exercise of a discretion by the jury not based upon the law

or facts; hence in law, was contrary to the law and the evidence, as contended by appellant.

■ Section 323, Title 15, of the Code of Alabama 1940, provides: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

Section 42, Title 14, of the Code of Alabama 1940, also provides: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

Neither of said sections, however, can be construed to vest in the jury a pardoning power. Said sections properly construed mean where the evidence fails, under the required rule as to measure of proof, to show that the actual offense charged in the indictment has been committed as charged, then, if the evidence warrants it, the provisions of such sections may be applied and a conviction had for a lesser offense which is necessarily included in the offense with which he is charged.

■ The defendant strenuously denied that he was the person who committed the robbery, if it was committed. He testified he knew nothing about it, and that at the very time the injured party stated he was robbed, he the defendant, was at another and distant place. That he was with a large number of persons before that time and for many hours thereafter. He testified to this fact and offered the evidence of a number of unimpeached witnesses whose testimony tended in every way to corroborate and sustain his alibi.

Pending the trial of this case innumerable objections were interposed and exceptions reserved to the court's rulings upon the admission of evidence, many of which

exceptions appear to contain merit. However, we do not discuss these several insistences as not being necessary.

The motion for a new trial based upon numerous grounds should have been granted, as the verdict of the jury, and the judgment of conviction based thereon, was not only contrary to law, but also clearly contrary to the great weight or preponderance of the evidence.

The judgment of conviction from which this appeal was taken is reversed, and a judgment here rendered discharging appellant from further custody in this proceeding. Opinion corrected and extended.

Reversed and rendered.

Application for rehearing overruled.