238 So.2d 894

**R. B. POTTER**

v.

**STATE.**

**5 Div. 3.**

Court of Criminal Appeals of Alabama.

June 23, 1970.

Rehearing Denied Aug. 25, 1970.

Hooton & Hooton, Roanoke, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

The original opinion is withdrawn and the following becomes the opinion of the court.

This is an appeal from a judgment of conviction of first degree manslaughter. Punishment was fixed by the jury at five years imprisonment in the penitentiary.

This is the second appeal of this case. See Potter v. State, 44 Ala.App. 376, 209 So.2d 856. We will not lengthen this opinion by a complete recitation of the facts since they are substantially the same as in the former trial with the exception that in the instant trial both appellant and his wife, Mamie Potter, testified for the defense; whereas, in the former trial they did not testify.

During the direct examination of Sheriff Thompson the following occurred:

"Q. All right. At that time and place, did anybody in the presence or hearing of R. B. Potter offer him any reward, hope of reward, make any inducement or threat—

"MR. PAUL J. HOOTON: We object to that.

"Q. —or use any violence on him to get him to make a statement?

"THE COURT: What's your objection?

"MR. PAUL J. HOOTON: We object. In other words, he can tell what was said and done, but he can't put all the questions at once.

"THE COURT: Overrule your objection.

"MR. PAUL J. HOOTON: We reserve it.

"A. No, sir.

"MR. YOUNG: All right, your Honor, I think it will be proper to excuse the jury at this time.

\* \* \* \* \* \*

"BY MR. YOUNG:

"Q. Sheriff Thompson, before the jury went out, were removed from the courtroom, you stated that R. B. Potter made a statement to you? Is that correct?

"A. That's correct.

"Q. Did you advise him, prior to his making a statement to you, did you advise him of his constitutional rights?

"MR. PAUL J. HOOTON: We object to 'advise him of his constitutional rights.' That's a question for the Court to decide.

"THE COURT: Well, if he doesn't clear it up, of course, Mr. Hooton, the Court will rule it out.

"MR. PAUL J. HOOTON: We reserve an exception.

"Q. Did you advise him he had a right to remain—

"MR. ROBERT J. HOOTON: We object. He is leading the witness.

"THE COURT: Overrule your objection.

"MR. ROBERT J. HOOTON: We reserve an exception.

"THE COURT: You have your exception.

"Q. Did you advise him that he had a right to remain silent?

"MR. PAUL J. HOOTON: We still renew our objection.

"THE COURT: Overrule your objection.

"MR. PAUL J. HOOTON: We reserve it.

"A. Yes, I did.

"Q. Did you advise him that anything he said could—

"MR. PAUL J. HOOTON: And we object, if the Court—

"THE COURT: Let him finish his question, Mr. Hooton. And Mr. Sheriff, don't answer until Mr. Hooton has had the opportunity to object.

"MR. PAUL J. HOOTON: If the Court please, I would like to apologize to what might seem disrespect to the Court, but I was objecting to the word 'advise'. That's why I made the objection like I did.

"Q. Did you tell him that anything he said might be used in a court against him?

"MR. PAUL J. HOOTON: Now, we object to that.

"THE COURT: Overrule your objection.

"A. I did.

"MR. PAUL J. HOOTON: We reserve it.

"Q. Did you advise him that he was entitled to have an attorney present?

"MR. PAUL J. HOOTON: We object to that, if the Court please.

"THE COURT: Overrule your objection.

"MR. HOOTON: We reserve it.

"A. I did.

"Q. Did you advise him that if he wanted an attorney and could not afford one that the State would appoint one for him before he made any statement?

"MR. PAUL J. HOOTON: We object to that, if the Court please.

"THE COURT: Overrule your objection.

"MR. PAUL J. HOOTON: We reserve it.

"A. I did.

"Q. Now, tell the Court and jury what, if anything, R. B. Potter said at that time."

Appellant contends that proper predicates were not laid and specifically objects to the form of the question used by the district attorney in laying the so-called pre-Miranda predicate. In Brown v. State, 124 Ala. 76, 27 So. 250 (this specific holding is reflected in the statement of facts preceding the opinion in the Southern Reporter), the solicitor asked a policeman, "Did you, or any one in your presence, offer the defendant any inducement, or make him any threat, to make the statement that he made * * *?" This question was objected to on the ground that it called for a conclusion of the witness and for his opinion. The court held the predicate to be sufficient.

Appellant further objects to the use of the word "advise" as calling for a conclusion on the part of the sheriff. He insists the word "advise" connotes an understanding on the part of the defendant and is improper. This specific question was raised in Overstreet v. State, 68 Tex.Cr.R. 238, 150 S.W. 899, where the Court of Criminal Appeals of Texas stated:

"A number of objections were urged to the admissibility of this confession, among them that it did not show on its face that it was made to the person who gave the warning. It will be noticed that the confession states he 'was advised by the county attorney, and the confession was made to the said Pat M. Neff.' Mr. Neff was county attorney, and the criticism is hypercritical, and the language, when properly construed, shows that the warning was given and confession made to the same person.

"Appellant also objected on the ground that the word 'advised' was used instead of the word 'warned.' Any words which would show that appellant was informed of his rights and then voluntarily made

**98**

the confession to the person who gave him such information would be in compliance with the statute. * * *"

To advise means, among other things, to "caution, warn, recommend, to give information or notice to, to inform." Webster's Seventh New Collegiate Dictionary, 1969.

We conclude that the trial judge properly admitted the alleged confession.

 J. L. Brown, a minister and funeral director, testified for the State. There was no error in allowing him to describe the wounds on the deceased's body which he observed when preparing deceased for burial. Ray v. State, 248 Ala. 425, 27 So.2d 872; Rowe v. State, 243 Ala. 618, 11 So.2d 749; Fowler v. State, 155 Ala. 21, 45 So. 913. It is also permissible for a witness who has observed wounds to testify that they seemed to have been made with a sharp or blunt instrument. Macon v. State, 179 Ala. 6, 60 So. 312.

 Appellant contends that the trial judge was in error in refusing 42 written requested charges. We have reviewed them carefully and conclude that these charges were properly refused as being either incorrect statements of the law, abstract, misleading, not applicable, or covered in the given charges or the trial judge's oral charge. It is strenuously insisted that the unnumbered charge beginning at the bottom of page 60 of the transcript should have been given. That charge is as follows:

"I charge you gentlemen of the Jury that it is not necessary, under the evidence in this case, that defendant should have been actually in danger of death or great bodily harm at the time he attacked the deceased, or that retreat would have really increased his peril, in order for him to be justified in attacking the deceased. He had the right to act on the appearance of things at the time, taken in the light of all of the evidence, and he had the right to interpret the conduct of the deceased *in the light of any threat* that the evidence proves the deceased to

have made against the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be case, then he had the right to attack the deceased in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and if the Jury believed that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the State, and, if not shown, the Jury should acquit the defendant." (Emphasis added.)

We realize that this charge has been held good in a number of cases including the following: Kirkley v. State, 19 Ala. App. 570, 99 So. 56; Pelham v. State, 24 Ala.App. 330, 134 So. 888; Witt v. State, 26 Ala.App. 465, 162 So. 137; Bluett v. State, 151 Ala. 41, 44 So. 84; and Buffalow v. State, 219 Ala. 407, 122 So. 633.

However, in the instant case there is no evidence whatsoever concerning any threats. Therefore, this charge as applied to this case is abstract and misleading. Kirkwood v. State, 8 Ala.App. 108, 62 So. 1011; White v. State, 20 Ala.App. 213, 101 So. 312; Robinson v. State, 213 Ala. 691, 106 So. 134.

 Objection is made in brief that written requested charges marked "given" by the trial judge were not taken by the jury with them on retirement. Tit. 7, § 273, Code of Alabama, 1940. This failure has been held to be error which will cause a reversal. Orr v. State, 117 Ala. 69, 23 So. 696; Hart v. State, 21 Ala.App. 621, 111 So. 47; Brewer v. State, 23 Ala.App. 35, 120 So. 301. However, upon a search of the record we fail to find any proof of such omission. On the contrary, the very last words uttered by the trial judge before the jury retired were:

"Very well, take the indictment and these charges that the Court has given you. Mr. Sheriff, see that a jury room is clear back there. Ladies and gentlemen of the jury, you may retire and consider your verdict."

Since this matter was not raised on motion for a new trial, it is not presented for review.

The judgment appealed from is, therefore, due to be and the same is hereby

Affirmed.