[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 851 
The appellant was indicted on a charge of murder in the first degree, convicted of murder in the second degree, and sentenced to imprisonment for ten years.
 I.
The deceased was the husband of the defendant and the major thrust of the defense, as indicated by examination of the witnesses, was that the mortal gunshot wound was self-inflicted. In order to overcome in regard to that tactic the State presented evidence that it was the motive of the defendant to kill her current husband, the deceased, in order to be free to return to a former husband and incidently to receive the proceeds of a small insurance policy. To prove motive the State put questions to the former husband concerning letters written to him by the defendant. Numerous objections were made on best evidence rule grounds and were duly sustained by the trial court. Oblique efforts to elicit the contents of the letters were largely thwarted by the trial court, as were efforts on the part of the State to satisfy the best evidence rule by establishing the lost document exception. However, the same witness in later testimony was permitted, without objection, to answer that the appellant had asked him in in person to help her kill the deceased and had asked him to acquire drugs for her to use in poisoning the deceased.
The appellant's assertions that the effects of the repeated attempts of the prosecutor to introduce the contents of the letters prejudiced the case are without merit.
It is well established that though motive is not an essential element of murder it is relevant and is therefore a proper subject of inquiry. Brothers v. State, 236 Ala. 448,183 So. 433 (1938); King v. State, 19 Ala. App. 153, 96 So. 636, cert. den.; Ex parte King, 209 Ala. 446, 96 So. 639. It follows that where the inquiry is proper and, as in this case, comes to fruition through later legal questioning about a subsequent conversation, there can be no prejudice because of earlier efforts to elicit information about a duplicate previous occurrence. This holding obtains a fortiori when the trial court has sustained all timely objections to the questions which seek to establish the content of a document in contravention of the best evidence rule.
The trial court additionally, prohibited efforts to establish the lost document exception to the best evidence rule in the following manner: (Tr. pp. 144-145)
"MR. ALLEN: We object to reference to letters. The letters or documents or documents of any sort, they are the best evidence in and of themself, (sic) and otherwise it would be heresay —
"MR. CAIN: Let me recast the question. Do you have the letters?
"A. No, Sir.
"THE COURT: Sustain your objection.
"Q. Do you know what became of the letters?
"A. No, Sir, I don't.
"Q. All right, sir. Do you recall the content of these letters, or what they contained or what they were in reference to?
"MR. ALLEN: We object.
"THE COURT: Sustained."
This prohibition was in the appellant's favor and was, in point of fact, more than the appellant was due under the law. If the trial court had so chosen it could have correctly allowed the State to establish the past existence of the written documents and their subsequent loss or destruction, then, after those facts were established, the court could have allowed oral statement of the content. Hurt v. State,23 Ala. App. 369, 125 So. 787. The availability of that course of action to the trial court must temper this court's opinion on the issue of the ultimate harm of the prosecutor's repeated questioning. *Page 852 
Our appellate courts have held that although unfounded inflammatory remarks by the prosecution may result in irreparable prejudice, no iron-clad rule exists by which the prejudicial qualities of improper remarks of counsel can be judged. Such depends on the issues, parties and general circumstances of the particular case. Anderson v. State,209 Ala. 36, 95 So. 171 (1922); Langley v. State, 32 Ala. App. 163,22 So.2d 920 (1945); Blue v. State, 246 Ala. 73, 19 So.2d 11
(1944); Madison v. State, 55 Ala. App. 634, 318 So.2d 329
(1975).
No one has a better vantage point from which to observe the parties, the issues and the general circumstances than the trial court and great weight should be accorded its determination. As to the instant situation motive was a relevant subject of inquiry; the content of letters stating a motive in the accused is a proper source of proof; in the absence of the letters the State had the right to seek to establish their content by parol evidence; and information having the identical impact as that sought earlier by the State was later given without objection. It is the opinion of this court that the trial court was not in error in this instance.
 II.
The appellant additionally asserts that her marital status subsequent to the death of the deceased and at and prior to time of trial was not a proper subject for inquiry by the prosecution. Marital status subsequent to a homicide is relevant in the trial as bearing on the motive of the accused.Luckie v. State, 55 Ala. App. 642, 318 So.2d 337, cert. den.,294 Ala. 764, 318 So.2d 341 (1975).
 III.
The appellant maintains that the trial court erred in overruling her objections to statements made by the prosecutor in summation which tend to denigrate the character of the appellant when the appellant's character was not placed in evidence by the defense.
All statements by a prosecutor which tend to convince a jury that one has committed murder must, as a natural by-product, also be harmful to the reputation of the accused. But that is the prosecutor's job. Error results only when a prosecutor makes a frontal attack on the character of the accused when there was no issue of character in the trial and from that attempts to extrapolate for the jury that one of such poor character is undoubtedly the type to commit the crime charged. Such an attempt may or may not have occurred here. When objection was made there was no statement placed in the record as to the substance or nature of the argument to which objection was taken. Therefore no error may be predicated upon the allegedly improper remarks. The appellate courts of this state have steadfastly held that where the record does not reveal the statement to which objection is taken no error may be predicated thereon. Gilliland v. State, 291 Ala. 89,277 So.2d 901 (1973); Embrey v. State, 283 Ala. 110, 214 So.2d 567
(1968); Argo v. State, 282 Ala. 509, 213 So.2d 244 (1968).
 IV.
The appellant, subsequent to conviction, moved for new trial stating as a ground that it was discovered that the verdict was a compromise verdict and not unanimous. The trial court struck that ground and denied the motion for new trial and such ruling is assigned as error.
In support of the stated ground the appellant filed an affidavit of the father of one of the defense counsel. The affidavit gave a rendition of a conversation the affiant had had with the jury foreman subsequent to the verdict. It is noteworthy that the affidavit was not that of the foreman but rather of one who had conversed with the foreman and later related the conversation. It is further noteworthy that the portions of the affidavit which are in derogation of the verdict are merely a relation of the conclusions and suppositions of the affiant. *Page 853 
The following is a quotation from the affidavit:
 "Mr. Wells stated that when the jury left for the night on the day of March 5, 1975 the vote was eight to four for acquittal. The opinions at that time appeared to be based on the evidence presented. Mr. Wells stated that on the morning of March 6, 1975, a vote was taken which was nine to three for guilty. Mr. Wells stated that he was curious as to the change in thinking. After discussion, it was apparent to him that the jury members felt that the defendant was not guilty of the crime charged, but they felt she knew enough about it and the circumstances that she should have some punishment for her conduct and knowledge . . ." (Emphasis supplied)
The affidavit is insufficient as a matter of evidence and was improperly filed as a purported statement of a juror about the jury's deliberations tending to challenge the verdict, and it was therefore properly stricken by the trial court. AlabamaFuel Iron Co. v. Rice, 187 Ala. 458, 65 So. 402; Reed v.Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237.
It is unquestioned, due to enactment of the legislature, that where the elements of a lesser found offense are essential to the original and greater charge the jury is empowered to render a verdict for the lesser offense. Code of Alabama 1940, recompiled 1958, T. 15 § 323; Jarnigan v. State, 24 Ala. App. 153,132 So. 48; Phillips v. State, 38 Ala. App. 102,76 So.2d 785.
Moreover, under the evidence in the case the defendant was legally entitled to have the jury instructed on the offense of murder in the second degree. It would have been erroneous for the trial court to have failed to do so. A defendant is entitled to an instruction on lesser offenses included in the original indictment if there is any reasonable theory from the evidence which would support the position. Weldon v. State,50 Ala. App. 477, 280 So.2d 183 (1973).
In Edwards v. State, 33 Ala. App. 386, 34 So.2d 173, and inDeGraaf v. State, 34 Ala. App. 137, 37 So.2d 130, this court stated that neither § 323 of T. 15, mentioned above, nor T. 14, § 42, Code of Alabama, supra, can be construed to vest in the jury a pardoning power. That case is distinguishable from this applying the reasoning processes outlined in Gautney v. State,36 Ala. App. 90, 53 So.2d 595, cert. den., 256 Ala. 73,53 So.2d 599, since in Edwards the court was dealing with facts wherein the sole question before the jury was identity rather than the proof of the essentials of the time.
Since premeditation is a state of the mind and rarely susceptible of direct proof, in all charges of first degree murder that element must always be a question for the jury, and therefore where an instruction on first degree murder is correct so also is a charge on second degree. If then the instruction was proper, and it went to the jury without exception of the appellant, the jury was within the bounds of legality in finding guilt of the offense under the provisions of Title 15, Section 323. Certainly a review of the transcript shows sufficient evidence upon which to base a conviction for murder in the second degree.
The trial court assured itself of the unanimity of the verdict by asking each individual juror if the verdict reflected his individual judgment of the case. A juror who responds in the affirmative to such question should not be later heard to impugn the verdict and certainly not by mere conclusions and hearsay.
The conclusion therefore is that the instruction of the court was proper on second degree murder; that the jury verdict was supported by the evidence; that the verdict was unanimous; that the method of challenge to it was insufficient as a matter of law; and that the affidavit in support of the challenge was insufficient as an evidentiary matter, and therefore no error was committed in the trial court's exercising its discretion to deny a new trial. *Page 854 
 V.
The court has considered the entire record under Code 1940, T. 15, § 389, including the following:
(a) The clerk's certificate;
(b) The court reporter's certificate;
(c) The statement of the organization of the court;
 (d) The indictment (caption, charge, conclusions, and required endorsements);
 (e) Judgment entry (arraignment, presence of counsel, empanelling of the jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);
(f) Proceedings on the motion for new trial; and
 (g) Each ruling of the trial judge adverse to the appellant (including without limitation the written charges refused appellant, and appellant's exception to the oral charge to the jurors).
From this examination the Court concludes that error is not made to appear.
The foregoing opinion was prepared by Honorable S.A. Watson, Jr., Circuit Judge, temporarily on duty on the Court of Criminal Appeals pursuant to subsection (4) of § 38, Title 13, Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.