372 So.2d 876 (1979)
In re Thomas REED, alias
v.
STATE of Alabama.
Ex parte Thomas REED.
78-262.
Supreme Court of Alabama.
May 25, 1979.
As Corrected On Denial of Rehearing July 6, 1979.
Alberta Murphy, Stanley Jay Murphy, Tuscaloosa, for petitioner.
Charles A. Graddick, Atty. Gen., and John Gibbs, Asst. Atty. Gen., for the State, respondent.
*877 PER CURIAM.
We granted Defendant's Petition for Writ of Certiorari to review the opinion of the Court of Criminal Appeals upholding Defendant's conviction of a misdemeanor the offense of attempt to bribe.
Defendant, a member of the State Legislature, was charged and tried for the felony offense of bribery of a public official (a fellow member of the Legislature). The statute under which Defendant was charged, § 13-5-31, reads:
Any person who shall, directly or indirectly, offer, give or promise any money or thing of value, testimonial, privilege or personal advantage to any executive or judicial officer or member of the legislature to influence him in the performance of any of his public or official duties shall be guilty of bribery and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than two nor more than 10 years.
After two mistrials, Defendant was convicted of Attempt to bribe, a misdemeanor under § 13-9-3 (the attempt to commit a crime statute) which reads:
Upon trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt.
The jury's verdict was in response to the trial Court's instructions to the effect that conviction of a misdemeanor, as authorized by the general attempt statute, was a permissible option in the event they could not agree that the evidence warranted a finding of guilty of the charged felony.[1] It is the propriety of this oral instruction that is challenged here.
We restate the issue: Because § 13-5-31 defines briberya felonyto include attempts to bribe, may an accused charged thereunder be convicted of a misdemeanor under § 13-9-3? We answer the question in the negative; and we reverse the conviction and render the cause.
We find our answer, at least in part, in our analysis of the case law interpreting the general misdemeanorattempt statute. The Court of Appeals in Edwards v. State, 33 Ala.App. 386, 34 So.2d 173 (1948), addressed the meaning of this statute:
"... [This section] properly construed mean[s] where the evidence fails, under the required rule as to measure of proof, to show that the actual offense charged in the indictment has been committed as charged, then, if the evidence warrants it, the provisions of such [section] may be applied and a conviction had for a lesser offense which is necessarily included in the offense with which he is charged." 33 Ala.App. at 387, 34 So.2d at 174.
In Broadhead v. State, 24 Ala.App. 576, 139 So. 115 (1932), the Court of Appeals expounded on the application of the statute:
"An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. In other words, in order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime, but which falls short of the completed crime; the difference between attempt and commission being that the act or step fails to produce the result intended.
"A criminal attempt to commit a crime consists of two important elements: First, an intent to commit the crime; and, second, a direct ineffective act done towards its commission. It follows that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission; and, where a crime has been actually *878 committed, the second element or ingredient of an attempt is necessarily lacking, and a prosecution or conviction for an attempt to commit a crime could not be sustained for this reason." 24 Ala.App. at 578, 139 So. at 117.
These quoted portions from Edwards and Broadhead were quoted with approval in Cochran v. State, 42 Ala.App. 144, 155 So.2d 530 (1963). By the very terms of the statute, it is the offer, or attempt, to influence, not the culmination of the influence, that consummates the crimethe felony of bribery.
We hold that the bribery statute under which Defendant was indicted and tried subsumes all activities and conduct which may be characterized as an attempt to bribe. That is to say, this bribery statute, by its very terms, includes, directly or indirectly, any "offer, [gift], or promise [of] any money or thing of value ... to any... member of the legislature to influence him ...." The statute defines the felony of bribery as including the attempt to influencenot as requiring the consummation of the influence.
It is pertinent to inquire: What possible set of circumstances would fall short of the proscribed conduct of § 13-5-31, and yet constitute the misdemeanor of the attempt to commit bribery? We are unable to postulate with reasonably intelligible standardsa course of conduct which does not rise to the level of that course of conduct contemplated by this bribery statute, but which would be criminally cognizable as a lesser offense. This reinforces our conclusion that the general attempt statute is here inapplicable. To hold otherwise would be tantamount to a holding that the Legislature, through its enactment of the relevant statutes, intended that the jury could treat the same conduct as punishable either as a felony or as a misdemeanor. To the contrary, we opine that the Legislature intended that any conduct recognizable as a criminal offense under this bribery statute be punishable as a felony. Therefore, Defendant's conviction of a misdemeanorattempt to bribeis unsustainable.
Under the evidence in this case, if the jury believed the weakest inferences of the testimony adverse to the accused on the bribery issue, it would have been their duty to return a verdict of guilty of bribery, the felony charged in the indictment. Having elected to convict Defendant of the misdemeanor of attempt to bribe, the jury necessarily acquitted him of the higher offense the felony of bribery as charged. Code 1975, § 13-9-3.
We hold the Court of Criminal Appeals erred in upholding the action of the trial Judge in instructing the jury under the general misdemeanor-attempt statute. We reverse the conviction and render the cause.
REVERSED AND RENDERED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., not sitting.

On Rehearing
PER CURIAM.
OPINION CORRECTED AND APPLICATION FOR REHEARING OVERRULED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., not sitting.
NOTES
[1] The challenged portion of the trial Judge's instruction to the jury was properly preserved by the Defendant's timely objection, all of which appears in the record of the trial below.