On September 17, 1976 the Grand Jury of Montgomery County returned a joint indictment against State Representative Thomas Reed and Ronald Williams. They were jointly charged with the statutory offense of bribery, a felony under Code of Alabama, § 13-5-31. Williams was tried in Montgomery County, found guilty "as charged" on May 20, 1977, and sentenced to a term of imprisonment of two years. His conviction was affirmed upon review by the Court of Criminal Appeals.
It is important to observe that the joint indictment of Williams and Reed did not include a charge of conspiracy and it is conceded by the State that Williams was *Page 567 
not tried for a conspiracy. Consequently Williams' guilt "as charged" under the indictment would be based either upon his conduct as a principal actor under the bribery statutes or upon his conduct as an aider or abettor. See Code of Alabama, § 13-9-1; Bridges v. State, 48 Ala. App. 249, 263 So.2d 705
(1972). Indeed, it is the State's position that the evidence presented at trial would have supported either conclusion,i.e., that Williams could have been viewed as an accomplice or as a principal. Under either view, according to the State of Alabama, venue properly would have been laid in Montgomery County under § 13-9-1 because, being an accomplice, Williams was culpable as a principal even though he was not physically present in Montgomery when Reed made proposals to Senator Dudley Perry and he, Williams, did nothing in Montgomery County to effect the bribery. (The facts surrounding those proposals are given in the opinion of the Court of Criminal Appeals and need not be repeated here). In other words, as an accomplice Williams would be liable for the acts of Reed which were committed in Montgomery County. This was also the position taken by the majority of the Court of Criminal Appeals in their opinion.
That position, however, fails to take into account the legal effect in our decision in Reed's case. Although Reed was charged with the felony offense of bribery, the jury found Reed guilty of the misdemeanor offense of attempt to bribe under Code of 1975, § 13-9-3. On review of Reed's case by certiorari this Court held that Reed's conviction of the misdemeanor, attempt to bribe, was a legal nullity because any such inchoate offense was subsumed by the bribery offense described in § 13-5-31 and made a felony. We also held that when the jury found Reed guilty of attempted bribery, "the jury necessarily acquitted him of the higher offense — the felony of bribery as charged." Ex parte Reed, Ala., 372 So.2d 876 (1979). In other words, Reed's acquittal of bribery was a finding that there was an absence of sufficient proof that Reed had committed any illegal act of bribery in Montgomery County. It follows, therefore, that there does not exist any act of Reed's in Montgomery County for which Williams could be liable as an accomplice. Therefore it was improper to lay venue in Montgomery County. Constitution of 1901, Art. 1, Sec. 6; Code of 1975, § 15-2-2.
Viewing Williams' conduct as that of a principal offender, the record does contain evidence of acts and statements by Williams in Macon County when he and Reed made an offer to Senator Perry. That conduct would have satisfied the venue requirements for a prosecution in Macon County. Accordingly, the decision of the Court of Criminal Appeals finding that venue was proper in Montgomery County was incorrect.
SHORES and EMBRY, JJ., concur.