TYSON, Judge.
Woodrow Herring was indicted, tried and convicted of “assault in the first degree” in violation of § 13A-6-20(a)(2), Code of Alabama 1975. The trial court sentenced him to twenty years’ imprisonment and fined him twenty thousand dollars, pursuant to § 13A-5-ll(a)(4), Code of Alabama 1975.
Shortly after 6:00 a. m. on June 9, 1980, appellant arrived at the home of his former wife, Nyoka Herring, to return their eleven year old son, who had spent the weekend with his father, the appellant.
Under circumstances that were in dispute at trial, an acidic liquid was either splashed or thrown onto Nyoka Herring’s face and shoulders when she opened the door to greet her son and the appellant. Ms. Herring testified that the appellant threw the liquid on her as he stated “let’s see if anybody wants you now.” The appellant testi *297 fied, to the contrary, that he accidentally spilled the liquid which he had found on Ms. Herring’s doorstep. He claimed that he tripped while attempting to carry the container of liquid into the house. He also stated that he had no idea the purple liquid was acid.
The state produced three of appellant’s co-employees whose cumulative testimony indicated that two days after the incident appellant returned to work and disposed of some “Drain Snake,” a commercial drain cleaner that contained sulfuric acid. No single witness saw appellant do this, but he was seen walking toward the storage room where the “Drain Snake” was stored and then hurriedly walking into the woods behind the plant (Ag Industries). A subsequent search of the storage room revealed that the “Drain Snake” had been removed. Moreover, sulfuric acid was detected in a soil sample taken from a discolored spot found in the wooded area behind the plant.
Appellant denied disposing of the “Drain Snake”, claiming that he often took walks in the woods behind the plant because he “[had] a lot on [his] mind.”
Appellant produced evidence of his good character and his good reputation in his community. However, he did not deny that on previous occasions he had cut the brake lines on Ms. Herring’s car, and had put sugar in the gas tank, and had even hit Ms. Herring in the face at a local shopping mall. He explained that these “childish stunts” were part of his effort to discourage Ms. Herring’s relationship with another man.
As a result of the acid splashed or thrown onto Ms. Herring, she lost her right eye and suffered permanent disfigurement of her face and anterior chest. She testified that her medical expenses exceeded thirty thousand dollars.
I
Appellant’s contention that the trial court erred in sending the indictment to the jury room with the jury is without merit. The jury’s retirement with the indictment is an accepted practice and is entirely proper in Alabama. Stinson v. State, 56 Ala.App. 312, 321 So.2d 277 (1975); and cases therein cited; see, Wiggins v. State, 347 So.2d 543 (Ala.Cr.App.), cert. denied, 347 So.2d 546 (Ala.1977).
. Moreover, the trial judge gave the jury the additional caution “that this indictment is not evidence in this case.” (R. 170)
II
Appellant’s contention that the trial court erred in failing to send the appellant’s written charges back to the jury room with the jury is not supported in the record.
It is true that § 12-16-13, Code of Alabama 1975, mandates that these written charges be given to the jurors for use during their deliberations. For aught that appears in the recorded transcript this statutory requirement was met. (R. 184)
Moreover, appellant has not noted and we cannot find any objection made at the trial level or any ground in a post trial motion that would preserve this issue for our review. Potter v. State, 46 Ala.App. 95, 238 So.2d 894 (1970).
III
Appellant further contends that because Ms. Herring was not an “expert” as to the value of hospital services it was reversible error for the trial court to admit her testimony that her medical expenses had exceeded thirty thousand dollars.
In discussing this issue we must first point out that Ms. Herring’s testimony regarding her expenses (incurred because of her acid burns) was introduced to enable the trial court to set a fine pursuant to our new Criminal Code, § 13A-5-ll(a)(4), Code of Alabama 1975. This section provides the following limiting criteria with which the trial court can set a sentence to pay a fine for any felony:
“(4) Any amount not exceeding double the pecuniary gain to the defendant or loss to the victim caused by the commis *298 sion of the offense.”[1] (Emphasis supplied)
The prosecution was, therefore, justified in attempting to introduce “legal evidence” of the victim’s loss.
The question remaining is whether or not Ms. Herring’s undisputed testimony was “legal evidence”.
We would agree with appellant that Ms. Herring was not qualified to discuss the “reasonableness” or the “value” of the medical services she received. However, she was competent to testify as to the amount she spent (her losses) as a result of the injuries caused by the appellant. This is exactly what she did. She only gave testimony of a fact within her direct knowledge and the accuracy of such testimony was never challenged in the trial court.
Moreover, the imposed fine of twenty thousand dollars by the trial judge was an amount well below the permissible maximum (at least $60,000) based on § 13A-5-11(a)(4). For this reason we are not compelled to further review the fine as set below. Jenkins v. State, 367 So.2d 587 (Ala.Cr.App.1978), cert. denied, 367 So.2d 590 (Ala.1979).
IV
Appellant presents only one additional argument that merits discussion. In brief and in oral argument the appellant makes a general claim that his trial counsel was incompetent. Appellant criticizes his trial counsel’s few objections to evidence introduced by the prosecution and fewer objections to numerous leading questions by the prosecution. In one part of his argument he complains of inadequate cross-examination of the state’s witnesses, but in summary he admits that his trial counsel “did a commendable job on cross-examination of each witness presented to him.” This was also admitted in oral argument before this court by appellant’s attorney on appeal.
We make note of the fact that appellant speaks only in generalities, citing no specific incidences of misconduct by his counsel that might have prejudiced his case. Nevertheless, we have carefully reviewed the record on appeal and can find nothing to indicate that appellant received other than adequate, competent and effective representation at trial. Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971); Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974); Bridges v. State, 391 So.2d 1086 (Ala.Cr.App.1980).
Since the arguments discussed above have been resolved against appellant and the remainder of his contentions are without merit, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.

. Appellant’s trial counsel questioned the application of this section to felonies other than theft type crimes. While we recognize that some other states (e. g., New York and Michigan) have similar code provisions which are applied only to crimes in which property or money is taken from the victim, we must point out that those provisions only refer to gain by the defendant and are only used as an incentive to defendants to return such property or money. See Michigan Revised Criminal Code §§ 1501, 1505; and New York Revised Penal Law §§ 80.00, 80.05 and commentary.
The Alabama Legislature, however, has gone further in adding the “or loss to the victim” language to our statute as was done in New Jersey. See New Jersey Code of Criminal Justice § 2C:43-3(e). Our interpretation of this language and the fact that the code section and the commentary which follows make no mention of limiting it to only certain felonies lead us to believe that the intent here was to broaden our statute to give the trial court wide discretion in imposing fines as additional punishments for and deterrents to any crime.