LEIGH M. CLARK, Retired Circuit Judge.
The caption of the record states the surname of appellant as “Pruett,” but through *203 out the record and the transcript, as well as in briefs of counsel, his name is spelled “Pruitt.” As the names are obviously idem sonans, and as no point is made as to the difference in spelling of the name, we will make no further reference to the discrepancy-
The indictment charged defendant with burglary in the first degree, which is declared to be a Class A felony and is thus defined by Alabama Criminal Code, § 13A-7-5:
“(a) A person commits a crime of burglary in the first dégree if he knowingly and unlawfully enters a dwelling with intent to commit theft or felony therein and, if, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
“(1) is armed with explosives or a deadly weapon; or
“(2) causes physical injury to any person who is not a participant in the crime; or
“(3) causes or threatens immediate physical injury by use of a dangerous instrument.”
A jury found defendant guilty as charged in the indictment. The court adjudged him guilty of burglary in the first degree and fixed his punishment at imprisonment for ten years, the minimum term provided for a Class A felony. § 13A-5-6.
In the concluding part of the court’s oral charge, it read to the jury “the given written charges” of the parties, which included seven requested by the defendant. As the court was in the process of submitting the case to the jury and retiring it to the jury room, the court concluded what it was saying to the jury by stating:
“Mac, take these forms of verdict, and I will ask you now to come out of the box and go with the bailiff.”
Immediately thereafter, the transcript shows:
“(Whereupon, the jury retired to consider their verdict at 4:10 P.M.).
“MR. BAKER [Defendant’s attorney]: I would like the requested given charges be sent out with the jury.
“MR. IGOU [District Attorney]: Judge, we object to that. You gave that in your oral charge, and I object to the written charges being given to them.
“COURT: All right, I’ll give you the benefit of it, but I sustain the objection.
“(At 5:25 P.M. the jury returned to the coürtroom to present their verdict).
“COURT: Have you ladies and gentlemen reached a verdict?
“FOREMAN: We have, yes, sir.”
The first contention made by appellant is that the court committed reversible error in refusing to allow defendant’s given charges to be sent with the jury to the jury room. He relies upon Code of Alabama, § 12-16-13, which provides in pertinent part:
“Charges moved for by either party must be in writing and must be given or refused in the terms in which they are written, and it is the duty of the judge to write ‘given’ or ‘refused,’ as the case may be, on the document and sign his name thereto, which thereby becomes a part of the record. Charges which are marked ‘given’ by the trial judge must be taken by the jury with them on retirement, and those ‘refused’ must be retained by the clerk. The court after the conclusion of his charge to the jury, reads such written charges as he has given for the parties in a clear and audible voice, saying to the jury, ‘these are instructions given you by the court at the request of the plaintiff or defendant, as the case may be, and are correct statements of the law to be taken by you in connection with what has already been said to you.’ The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s general charge or in charges given at the request of parties. ...”
Immediately after § 12-16-13 of the Code of 1975 is the following:
“Code Commissioner’s Note. — This section is superseded by A.R.C.P., Rule 51, as *204 to civil proceedings, but has been retained for possible applicability in criminal or probate proceedings.”
The requirement of § 12-16-13 that “Charges which are marked ‘given’ by the trial judge must be taken by the jury with them on retirement ...” as it also uniformly appeared in preceding codes, has been held to be mandatory and that a failure to hand them to the jury constitutes reversible error. Orr v. State, 117 Ala. 69, 23 So. 696 (1898); Hart v. State, 21 Ala.App. 621, 111 So. 47 (1926); Brewer v. State, 23 Ala.App. 35,120 So. 301 (1929). In St John v. State, 55 Ala.App. 95, 313 So.2d 215, cert. denied, 294 Ala. 768, 313 So.2d 218 (1975), it was held that in contrast to Rule 51 of the Rules of Civil Procedure, the requirement remains in full force and effect in criminal cases. Appellee says in response to appellant’s contention:
“He cites various statutes and cases which support his contention. Without speaking to those authorities, the State would submit that this matter was not properly raised at the trial court level and therefore should not be considered by this court on appeal.”
Appellee further argues that a “new trial motion is the proper method for raising this issue,” that no motion for a new trial was filed. Appellee states further:
“The State is not contending that the issue cannot be raised by objection at the initial trial. However, the State does submit that wherever raised (either at trial or motion for new trial) it must affirmatively appear in the record that there was some objection and that in fact the charges never went to the jury room. This record does not indicate such and therefore must defeat this issue on appeal.”
In support of its position, appellee relies upon what was held in Potter v. State, 46 Ala.App. 95, 238 So.2d 894, 897-898:
“Objection is made in brief that written requested charges marked ‘given’ by the trial judge were not taken by the jury with them to retirement. Tit. 7, § 273, Code of Alabama, 1940. This failure has been held to be error which will cause a reversal.... However, upon a review of the record we fail to find any proof of such omission. On the contrary, the very last words uttered by the trial judge before the jury retired were:
“ ‘Very well, take the indictment and these charges that the Court has given you, Mr. Sheriff, see that a jury room is clear back there. Ladies and Gentlemen of the Jury, you may retire and consider your verdict.’
“Since the matter was not raised on motion for a new trial, it is not presented for review.”
The only similarity between Potter v. State, supra, and the instant case is that in neither case was there a motion for a new trial. There are glaring dissimilarities. In the cited case, the transcript disclosed a positive order or direction by the trial court to the sheriff as he went with the jury to the jury room on retirement to “take the indictment and these charges that the court has given you.” To have upheld the insistence of appellant in Potter it would have been necessary to assume that the sheriff disobeyed the order or direction of the court by not taking the charges with the jury to the jury room, which on its face would have been an unwarranted assumption. To uphold the position of appellee on the point would require an assumption that the trial judge had a change of mind as to what to do with the given charges, after he had sustained the objection of counsel for the State to the request of counsel for the defendant that the requested given charges be sent out with the jury, and that, either in open court, in the presence of the court reporter, or otherwise, the trial judge arranged for the given charges to go to the jury room. Such an assumption is unwarranted. If any such change of mind on the part of the trial judge took place, it would be unreasonable to assume that it was not manifested in open court, in the1 presence of the court reporter, and that the court reporter would have reported it as a part of the transcript of the proceedings, which he has certified as correct.
*205 Without engaging in any unwarranted assumption, we must conclude that defendant’s charges marked “given” by the trial judge did not go with the jury on retirement, as requested by defendant’s counsel, and that the trial court committed reversible error in sustaining the State’s objection to the request and in not arranging for the charges to go with the jury to the jury room on retirement.
Another contention of appellant is that the court should have given the defendant’s requested charges 16 and 17 as to lesser included offenses. Each of said requested charges concludes with the following sentence:
“If they are convinced beyond a reasonable doubt and to a moral certainty that the defendant is guilty of this offense, then the form of the verdict would be, ‘We the jury find the defendant guilty of [designated lesser offense].’ ”
Each charge ignores the principle that if requisite proof of the guilt of the defendant as expressly charged in the indictment is established, it becomes the duty of the jury to convict the defendant of the crime expressly charged. Compliance with the instruction would have authorized the jury, contrary to law, to have acquitted the defendant of the crime expressly charged, even though it was convinced beyond a reasonable doubt and to a moral certainty by the evidence that he was guilty thereof, and substitute therefor a lesser offense. Such a result is not contemplated by Code 1975, § 15-17-1, which provides that a jury may return a verdict for a lesser included offense, an attempt to commit the offense [1] or for an inferior degree of the crime charged. In Cochran v. State, 42 Ala.App. 144, 155 So.2d 530 (1963), the court quoted from Edwards v. State, 33 Ala.App. 386, 34 So.2d 173 (1948), wherein reference was made to the sections of the then applicable Code that were the predecessors respectively of Code 1975, § 15-17-1 and § 13-9-3. Included in the quoted material is the following:
“Neither of said sections, however, can be construed to vest in the jury a pardoning power. Said sections properly construed mean where the evidence fails, under the required rule as to measure of proof, to show that the actual offense charged in the indictment has been committed as charged, then, if the evidence warrants it, the provisions of such sections may be applied and the conviction had for a lesser offense which is necessarily included in the offense with which he is charged.”
The result reached in Edwards v. State to the effect that an unauthorized judgment of conviction of an attempt to rob justified the rendition of a judgment of acquittal and a discharge of the defendant, which was also held in DeGraaf v. State, 34 Ala. App. 137, 37 So.2d 130 (1948), has been the source of discussion and a distinction as to such a result when the issue was not solely one of identity or direct denial by defendant of any involvement in the alleged commission of the crime, as was the situation in Edwards and DeGraaf. Harrison v. State, Ala.Cr.App., 340 So.2d 849 (1976).
The court properly refused the charges requested by defendant as to any lesser included offense.
During the voir dire interrogation of the prospective jurors from which the jury was selected to try the case, counsel for defendant called the names of all witnesses subpoenaed by the State and asked the jurors if they knew such witnesses. Thereupon, counsel for the defendant asked counsel for the State if there were any witnesses whose names were not on the list of the witnesses subpoenaed that he expected “to testify.” Counsel for the State responded, “That is all that I anticipate at this time, but I don’t know what the trial might bring out.” During the trial, the State called as a witness one who had not been subpoenaed and whose name had not been disclosed to defendant’s counsel. Defendant objected to her testifying on the ground her name had not been disclosed on voir dire or otherwise to defendant’s counsel. The objection was overruled. Appellant states that he “is not *206 aware of a case in point but submits that basic principles of due process and fairness require that the accused be allowed to know the names of the State’s witnesses for their case in chief for the purpose of examining prospective jurors.” We do not agree with appellant that, under all the circumstances stated, the trial court was in error in overruling defendant’s objection to the testimony of the particular witness, but we mention it as one of the circumstances that could well have enlarged the area of injury to defendant resulting from the fact that defendant’s given charges were not “taken by the jury with them on retirement.”
We should make it clear that we cannot find that the evidence as a whole was so strong and convincing in proof of defendant’s guilt that it should be allowed to stand, irrespective of any error committed. The evidence for the State as well as for the defendant is baffling and leaves us without any firm conviction as to defendant’s guilt or innocence. Against him is the positive testimony of the alleged victim, whose good reputation and reliability have not been challenged. There was also substantial circumstantial evidence against him. In his favor was his previous good reputation, as to which witnesses for the State and the defendant were in agreement. He positively denied any part in any crime and was supported by the testimony of his wife as to an alibi.
For the error indicated, the judgment of the trial court should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
HARRIS, P. J., and TYSON, DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., concurs in result.

. Also provided by Code § 13-9-3.